■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN COLEMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered September 13, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

In the early morning hours of July 4, 1982, the defendant, two friends and the deceased, the defendant's girlfriend, were drinking beer in the kitchen of the apartment occupied by the deceased and her two children, her sister, and her cousin. Both friends testified that after the defendant removed an empty shell from his .32 caliber revolver, leaving two live rounds in the gun, he held the gun to the deceased's face and pulled the trigger. Immediately before the shooting the defendant and the deceased were playing around and hugging.

On August 9, 1984, Police Officer Steven Litwin and his partner Police Officer David Felix were on motor patrol in the jurisdiction of the 71st Precinct. They saw the defendant, whom they recognized from a photograph attached to a warrant of arrest for murder. The officer arrested the defendant in the hallway of an apartment building where he fled after the officers exited their vehicle. They told defendant he was under arrest. The defendant asked "What for?" The officers responded that there was a warrant for his arrest for homicide. The defendant asked "what homicide was" to which the officers replied "murder." Thereupon the defendant said his name was Delroy Benjamin, it was a mistake and it was his brother they were looking for.

Later that day while the defendant was in the holding pen at the 71st Precinct, the defendant asked Officer Felix "Why am I under arrest?" Felix answered "You have a warrant for homicide." The defendant asked "What's homicide?" Felix answered "murder", whereupon the defendant said "For what? The accident? Oh, the accident where the girl got shot in the head? The guy was cleaning his gun at a party on Sutter Avenue. Is it for that?"

The defendant's argument that Officers Litwin and Felix deliberately prompted him to make the statements must fail. The officer's terse and pointed response to the defendant's questions can in no way be viewed as the functional equivalent of interrogation *(People v Rivers,* 56 NY2d 476, *rearg denied* 57 NY2d 775; *People v Stoesser,* 53 NY2d 648; *People v Stevenson,* 104 AD2d 835).

The defendant also claims that defense counsel's failure to call him as a witness on his own behalf constitutes ineffective assistance of counsel. The defendant's principal defense was that one of his friends present in the kitchen pulled the trigger of the weapon accidentally while he was clearing the chamber. This defense was clearly and persistently placed before the jury through the cross-examination of the two

friends and through the testimony of the sole defense witness. Trial counsel's failure to call the defendant to the witness stand cannot, on this record, be viewed as anything but a reasonable trial tactic. The defendant received meaningful representation of counsel in all respects *(see, People v Baldi,* 54 NY2d 137).

We also agree with the trial court's refusal to set aside the verdict on the ground of newly discovered evidence. The evidence proffered by the defendant was cumulative, was made known to the defendant during the trial, and would merely have impeached one of the People's witnesses. Accordingly it does not suffice to justify setting aside the verdict (CPL 330.30; *see, People v Salemi,* 309 NY 208, *cert denied* 350 US 950).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant acted with depraved indifference to human life.

We have reviewed the defendant's remaining claims, including those raised in his *pro se* supplemental brief, and find them to be unpreserved for appellate review and, in any event, without merit. Bracken, J. P., Kunzeman, Eiber and Kooper, JJ., concur.