■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE GATHERS, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered August 28, 1987, upon a verdict convicting defendant of the crimes of criminal possession of a forged instrument in the second degree (two counts) and grand larceny in the fourth degree (two counts).

Defendant's conviction stemmed from the theft of a wallet owned by Timothy Barnett and defendant's subsequent use of the credit cards contained therein. Barnett's wallet was stolen from his coat on November 20, 1986 sometime between 3:00 P.M. and 11:00 P.M. at his workplace for the Department of Transportation at the State Office Building Campus in the City of Albany. Barnett identified defendant as the cleaning person for his work area and recalled defendant working on

that date. The supervising janitor supported Barnett's testimony. Investigator Craig Masterson went to a department store in a nearby shopping mall and showed a clerk named Niles Caesar a photograph of defendant. Caesar recognized defendant as the person who had attempted a sale there, described him as apprehensive, and stated that his signature on the credit slip did not match that on the credit card; defendant, with another individual, was chased from the store by security. Caesar had observed defendant for 15 to 20 minutes and physically described him to the investigator. Investigator Thomas Peters went to another local shopping mall and spoke to a clerk named Richard Serven. Serven identified defendant from a photographic array after approximately 30 seconds. Serven was certain that defendant was the person involved in a sale which Serven recalled because one of the two persons involved had dropped a large knife on the floor of the store. Serven physically described defendant for the investigator.

Prior to trial County Court conducted a *Sandoval* hearing and allowed the People to inquire into two prior felony convictions, one for robbery in the first degree and one for criminal possession of a weapon. The People were also allowed to inquire into defendant's three prior misdemeanor convictions if he should take the stand, but not into the underlying facts. Inquiry into defendant's prior bad acts was also precluded. Following defendant's conviction he was sentenced as a second felony offender to 3 to 6 years in prison on each count of criminal possession of a forged instrument, with the sentences to run consecutively, and 2 to 4 years in prison on each count of grand larceny, with both terms to run concurrently with each other but consecutively with the preceding counts. Defendant appeals.

Defendant first urges error as the result of the in-court identification of him by the two clerks at his trial. Since defendant did not object to these identifications at trial, the issue has not been preserved for our review. However, if it were, and even if the photographic arrays were unduly suggestive, we find that an independent origin for the clerks' identification existed as a result of their respective views of defendant for approximately 15 to 20 minutes in a well-lighted area *(see, People v Mosley,* 110 AD2d 937, 938; *People v Taylor,* 102 AD2d 944, 946, *affd* 65 NY2d 1). The in-court identification of defendant was, therefore, permissible.

Defendant further argues that testimony concerning the dropping of the knife and finding it in the store after defen-

dant left constituted reversible error regarding an uncharged crime that was not permitted by the *Sandoval* ruling. Again, there was no objection to the testimony at trial and we find no prejudice to defendant since the possession of the knife was not traced to him directly. Nor do we find any error in the *Sandoval* ruling itself, which permitted inquiry into convictions which evidenced defendant's willingness to place his own interests above those of society *(see, People v Sandoval,* 34 NY2d 371, 377).

As to the prosecutor's summation, we find no prejudice. The summation in no way demonstrated a pattern of flagrant, pervasive prosecutorial misconduct *(see, People v Konigsberg,* 137 AD2d 142, *lv denied* 72 NY2d 912). Furthermore, the verdict was amply supported by the trial evidence *(see, People v Bleakley,* 69 NY2d 490) when viewed in a light most favorable to the People *(see, People v Murphy,* 128 AD2d 177, 182, *affd* 70 NY2d 969).

Finally, based on the circumstances of these offenses and defendant's prior record and extensive criminal history, and the fact that defendant was on parole at the time of his commission of these offenses, the sentences imposed were neither harsh nor excessive. Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.