(July 13, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CIVITELLO, Appellant.—Harvey, J. Appeals (1) from a judgment of the County Court of Schenectady County (Intemann, Jr., J.), rendered September 25, 1986, upon a verdict convicting defendant of the crimes of criminal possession of marihuana in the third degree and criminal possession of a controlled substance in the seventh degree, and (2) by permission, from an order of said court, entered August 25, 1988, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.

On October 7, 1985, Schenectady police officers at the invitation of Darlene Le Mieux entered her apartment in the City of Schenectady in search of marihuana. At that time defendant was lying on a couch and a few feet from him was a handbag which contained over 10 ounces of marihuana. He was arrested and indicted for the crimes of criminal possession of marihuana in the third degree and criminal possession of a controlled substance in the seventh degree. The latter was because of his possession of unprescribed Valium.

Defendant was tried and found guilty of the crimes for which he was charged. Le Mieux testified that on the day of the arrest a woman unknown to her brought the woman's handbag containing the marihuana to defendant. By prearrangement with the police she communicated with the police that defendant had received marihuana. At trial, defendant did not testify and no witnesses were called on his behalf. The theory of the defense, however, was that the marihuana actually belonged to Le Mieux. It was argued that Le Mieux was selling marihuana and that she set up defendant in order to obtain more lenient treatment for herself.

Viewing the evidence in this case in the light most favorable to the People, as we must (see, e.g., People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932), we find, despite defendant's contentions otherwise, that evidence produced at trial was legally sufficient to support his conviction for criminal possession of marihuana in the third degree (Penal Law § 221.20; see, People v Cicero, 106 AD2d 901, appeal dismissed and cert denied 472 US 1003). The evidence given by Le Mieux, the chief prosecution witness, established that defendant received quantities of marihuana in a ladies' handbag from an unidentified woman at Le Mieux's apartment on a regular basis. On the day of the arrest, Le Mieux testified that a handbag of marihuana was delivered to defendant and was

placed a few feet from where defendant was lying on Le Mieux's couch. Under these circumstances, defendant's knowing possession of more than eight ounces was sufficiently established *(see, People v Tejeda,* 73 NY2d 958, 960).

Defendant argues that County Court impermissibly allowed evidence of uncharged crimes to be admitted by allowing Le Mieux to testify that defendant sold drugs from her apartment and threatened her, and also allowed another witness to testify concerning defendant's violent nature. Additionally, defendant objects to County Court's denial of his motion for a mistrial following the prosecutor's reference to these alleged drug sales in his opening remarks to the jury.

These contentions must be rejected. An exception to the general inadmissibility of uncharged crimes is provided when the evidence "helps to establish some element of the crime under consideration or is relevant because of some recognized exception to the general rule" *(People v Alvino,* 71 NY2d 233, 241; *see, People v Molineux,* 168 NY 264, 293). Evidence of uncharged crimes has been held admissible where it is "inextricably interwoven" with the charged crime *(see, People v Ventimiglia,* 52 NY2d 350, 361; *People v Tabora,* 139 AD2d 540, 541, *lv denied* 72 NY2d 925). It is true that defendant was not charged with the sale of drugs. Evidence to the effect that defendant sold drugs from Le Mieux's apartment was clearly necessary to explain that defendant was in possession of the drugs even though they were not found on his person or property and were, in fact, found in a woman's handbag. Thus, evidence of prior drug sales was inextricably intertwined with directly related material in the sense that it is "explanatory of the acts done or words used in the otherwise admissible part of the evidence" *(People v Ventimiglia, supra,* at 361; *see, People v Johnson,* 149 AD2d 930).

Likewise, the testimony that defendant threatened Le Mieux and had a violent temper was necessary to explain why Le Mieux felt compelled to inform the authorities of defendant's activities. These facts also were necessary to dispute defendant's theory that Le Mieux fabricated the whole story in collusion with the police. Moreover, contrary to defendant's contention, a short *Ventimiglia*-type discussion concerning the prior bad acts was held upon defendant's motion for a mistrial following the prosecutor's opening remarks. While it is true that a more extensive *Ventimiglia* exchange prior to the commencement of trial would have been the more desired practice *(see, People v Ventimiglia, supra),* we cannot say under the facts of this case that the admission of the disputed

testimony amounted to reversible error. We note also that, in its charge, County Court expressly instructed the jury that testimony relative to uncharged crimes should only be considered "for the purpose of establishing the relationship between Darlene Le Mieux and [defendant]. It is not proof and must not be considered * * * as any proof bearing upon the guilt or innocence" of defendant.

We are similarly unpersuaded by the remaining issues raised by defendant. County Court refused to instruct the jury that Le Mieux was defendant's accomplice pursuant to CPL 60.22 since, despite many insinuations by defendant concerning Le Mieux, no proof of her alleged complicity to sell marihuana was produced at trial (see, People v Torello, 94 AD2d 857).

We find nothing improper in County Court's Sandoval decision ruling that the People could inquire into three of defendant's many convictions, including his conviction for promoting prostitution in the third degree, all of which evidenced defendant's willingness to place his own interests above those of society (see, People v Gathers, 147 AD2d 734). Despite defendant's contentions otherwise, that crime was not so similar to the charge for which he was on trial as to constitute unfair prejudice against defendant (see, People v Sandoval, 34 NY2d 371, 375).

Next, we disagree with defendant's contentions that he was denied effective assistance of trial counsel. While a defendant has a right to be provided with "meaningful representation" (People v Baldi, 54 NY2d 137, 147), this right does not entitle a defendant to an attorney's flawless performance (see, People v LaBree, 34 NY2d 257, 260-261). While a hindsight analysis might show certain tactical and strategic errors by defense counsel, such errors did not render counsel's representation ineffective (see, People v Vega, 126 AD2d 686, lv denied 69 NY2d 887). Considering defendant's lengthy criminal record and propensity to explosive courtroom behavior, it cannot be said that defense counsel's advice to defendant not to take the witness stand was erroneous as a matter of law (see, People v Coleman, 142 AD2d 586, 588).

We also conclude that County Court properly denied defendant's CPL 440.10 motion to vacate his judgment of conviction. Regarding the newly discovered evidence claim, our review of the record reveals defendant's failure both to establish that the evidence of Le Mieux's alleged prior drug sales could not, with due diligence, have been discovered previously

and that this purported new evidence was likely to result in a more favorable verdict upon retrial (see, CPL 440.10 [1] [g]; *People v Miller,* 144 AD2d 867; *People v Latella,* 112 AD2d 321, 323).

Finally, we reach the issue of defendant's prison sentence of 21 years to life on his conviction for criminal possession of marihuana in the third degree. Notably, defendant challenges neither the propriety of the evidentiary hearing held by County Court in sentencing him as a persistent felon (see, CPL 400.20 [1]) nor the constitutionality of the two felonies, burglary in the third degree and promoting prostitution in the third degree, that the court used as predicates in imposing sentence. Instead, defendant disputes County Court's finding that his "history and character" (Penal Law § 70.10 [2]) requires lengthy incarceration and lifetime supervision. We cannot agree. Although the sentence imposed was unquestionably a stern one, taking defendant's extensive prior criminal conduct into account, as did County Court, we cannot say that County Court abused its discretion by sentencing defendant as a persistent felony offender (see, People v Washington, 119 AD2d 894, *lv denied* 68 NY2d 673). Nor do we find the sentence cruel or excessive.

Judgment and order affirmed. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.