■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE GOURDINE, Appellant.—Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered February 11, 1991, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

We find no abuse of discretion in County Court's determination that defendant be shackled during trial. Defendant's violent criminal history and reports that he intended to attack defense counsel provided a reasonable basis for the determination, and County Court articulated its reasoning on the record and instructed the jury to disregard the restraints *(see, People v Freeman,* 184 AD2d 864; *People v Bosket,* 168 AD2d 833, *lv denied* 77 NY2d 904; *People v Greiner,* 156 AD2d 813, *lv denied* 75 NY2d 919). We also find no basis to disturb the sentence of 3½ to 7 years' imprisonment imposed by County Court given defendant's criminal history.

Mikoll, J. P., Yesawich Jr., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT OSTRANDER, Appellant.—Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered December 17, 1990, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree.

Defendant contends on this appeal that the sentence he received of 3½ to 7 years' imprisonment upon his conviction of the crime of criminal possession of a weapon in the third degree is harsh and excessive. Given defendant's extensive criminal record and the fact that he was on parole after conviction of a violent felony offense when he was arrested for the instant offense, we find no basis to disturb the sentence imposed by County Court *(see, People v Gathers,* 147 AD2d 734, 736, *lv denied* 73 NY2d 1015).

Weiss, P. J., Levine, Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.