■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DARREN CLARK, Appellant. [603 NYS2d 450] —Judgment, Supreme Court, New York County (Clifford A. Scott, J.), rendered May 13, 1991, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of 5 to 15 years unanimously affirmed.

The People did not give CPL 710.30 (1) (a) notice of a statement made by defendant to police officers as he fled from the scene of a robbery, to the effect that he believed he was being followed by a person with bad intent; the person following was in fact the brother of the proprietor of the grocery who had been robbed. As the People observe, however, such notice is not required where defendant is not "even arguably" entitled to a pretrial hearing *(People v Brown,* 140 AD2d 266, 270, *lv denied* 72 NY2d 955). Thus, statements made in response to pedigree questions are held not subject to this notice requirement *(People v Smith,* 151 AD2d 792, 793, *lv denied* 74 NY2d 900). The statement at issue here was not only unquestionably spontaneous, in that it was completely unsolicited and unprompted, but also, it constituted part of the transaction of the crime itself, having been made to assist defendant in his attempt to evade his pursuers. As there would have been no colorable basis for suppression of the statement, the failure to give notice was a mere irregularity not warranting preclusion.

A police officer's question to defendant, "Do you know how close you came to getting shot?," was not "reasonably likely to elicit an incriminating response from the suspect" *(Rhode Is. v Innis,* 446 US 291, 301; *People v Huffman,* 61 NY2d 795, 797). The single question as to the location of the weapon used in the robbery was permissible under the public safety exception to *Miranda* expressed in *New York v Quarles* (467 US 649).

Defendant did not preserve his objections either to the court's charge, or to the People's summation, and we decline to review them in the interest of justice. We have considered defendant's remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.