■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK FISHER, Appellant. [699 NYS2d 58] —Appeal by the defendant from a judgment of the County Court, Nassau County

(DeRiggi, J.), rendered June 3, 1998, convicting him of assault in the second degree, resisting arrest, and unauthorized use of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court properly summarily denied the defendant's oral motion to set aside the jury's verdict of guilt on the basis of newly-discovered evidence since the defendant failed to comply with the requirements that the motion be in writing, upon reasonable notice, and supported by sworn allegations of fact (*see,* CPL 330.30 [3]; 330.40 [2] [a]). Additionally, the defendant failed to establish that the evidence "could not have been produced by the defendant at the trial" (CPL 330.30 [3]; *see, People v Salemi,* 309 NY 208, *cert denied* 350 US 950; *People v Rivera,* 118 AD2d 877). Finally, the newly-discovered evidence alleged by the defendant, a blood-stained tee-shirt, would not have contradicted the People's witnesses' testimony that he sustained trauma to his nose (*see, People v Coleman,* 142 AD2d 586).

The trial court also properly denied the defendant's objection to testimony concerning statements that he allegedly made at the time of or immediately preceding the crimes charged (*see,* CPL 710.30; *People v Rodney,* 85 NY2d 289; *People v Copes,* 200 AD2d 680; *People v Wells,* 133 AD2d 385; *People v Mayi,* 198 AD2d 444; *People v Clark,* 198 AD2d 46; *People v Holloway,* 77 AD2d 122; *cf., People v Kirkland,* 89 NY2d 903).

The defendant's remaining contention is without merit (*see,* Penal Law § 205.30; *cf., People v Brown,* 256 AD2d 414). Joy, J. P., Goldstein, McGinity and Feuerstein, JJ., concur.