■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP CROSBY, Appellant.—Judgment, Supreme Court, New York County, rendered October 26, 1973, convicting defendant after jury trial of criminally selling a dangerous drug, third degree, and criminal possession of a dangerous drug, fourth degree, unanimously reversed, on the law and in the interest of justice, and the case remanded for a new trial. Defendant was charged with selling heroin to one Wilson Ruiz in front of a burned-out luncheonette on Fifth Avenue between 110th and 111th Streets, Manhattan, while under police surveillance. At trial the prosecutor introduced testimony of police officers that defendant had consummated six unrelated, uncharged narcotic sales during the period he was allegedly under surveillance. Clearly, the purpose of this testimony was to establish defendant's propensity to deal in narcotics and, as such, was inadmissible *(People v Condon,* 26 NY2d 139). Indeed, this testimony served as foundation for the characterization of defendant as a "market place" dealer in heroin by the prosecutor in summation. Scrutiny of the record discloses that the jury in its deliberation may well have considered the evidence of the six uncharged sales a proof of guilt not related to the actual sale to Ruiz. The contention that the six unrelated sales were admissible to show a common scheme or plan is nontenable under the circumstances herein (see *People v Fiore,* 34 NY2d 81; cf. *People v Jackson,* 45 AD2d 828). Further, although cross-examination of defendant about a prior 1969 conviction for harassment was proper, additional cross-examination concerning his 1960 undesirable discharge from the military on the ground of a single homosexual act exceeded the bounds of legitimate testing of defendant's credibility. In conclusion, it is noted that this version of the "hearts and consciences" phraseology in the court's charge relevant to the standard of reasonable doubt has been criticized by this court on several occasions. In and of itself, the utilization of such phraseology does not constitute reversible error. Viewed in conjunction with the other errors heretofore delineated, it serves as further predicate for concluding that defendant was not afforded a fair trial. Concur—Murphy, J. P., Lupiano and Lane, JJ.; Birns and Silverman, JJ., concur in the following memorandum by Silverman, J.: I am inclined to the view that it was proper for the District Attorney to bring out what the defendant was doing in the 90 minutes or so that included the time of the alleged crime;

that this constituted background information which placed the defendant's acts in context in a believable situation, and was thus admissible. However, I think that the cross-examination with respect to an undesirable discharge from the military 13 years ago on the ground of a single consensual homosexual act was no proper part of the District Attorney's duty and prejudiced the fairness of the trial to the point of requiring a new trial.