■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY MARTI-NEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (O'Brien, J.), rendered March 22, 1982, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress evidence (Hentel, J.). Case remitted to Criminal Term to the Judge who presided at the suppression hearing, to hear and report in accordance with the following memorandum, and appeal held in abeyance in the interim. At the start of his cross-examination of the arresting officer, defense counsel requested the opportunity, pursuant to *People v Rosario* (9 NY2d 286), to examine all prior statements made by the officer bearing on the subject matter of his testimony. A copy of the minutes of the officer's testimony before the Grand Jury was given to defense counsel. However, the court refused to order the prosecutor to turn over the notes made by an Assistant District Attorney during an interview with the officer on the grounds that the officer "was not given an opportunity to see what the assistant district attorney wrote down or correct it or sign or notarize or authenticated [*sic*], it's not chargeable against him". The court did examine the notes *in camera* and further justified its ruling by stating that they were "exactly in consonance with his testimony today, and also in consonance with his signed complaint which he executed on September 4, 1980". It has been held that a prosecutor's record of a conversation with a witness in preparation for trial or other proceedings comes within *People v Rosario* (*supra*), notwithstanding the absence of the witness' signature (*People v Consolazio,* 40 NY2d 446, 453-454). Furthermore, prior statements apparently in harmony with the witness' trial or hearing testimony should, nonetheless, be produced for examination by defense counsel (*People v Rosario, supra,* pp 289-290; *People v Gilligan,* 39 NY2d 769). Accordingly the reasons given by the court at the suppression hearing, in justification of not ordering the production of the

interview notes, were incorrect. Nonetheless, if the notes were merely duplicative of the Grand Jury testimony, which was produced for defendant, it would not be considered error to fail to turn them over (*People v Consolazio, supra,* p 454). Certain "notes and forms" from the District Attorney's trial folder have been provided defendant's appellate counsel and this court for review. However, it does not appear that the District Attorney's office is certain that these documents are the same documents which were reviewed *in camera* at the suppression hearing. Defendant's appellate counsel also raises doubts on this score. To determine whether they are the same, it is necessary to remit this case to the Judge who presided at the suppression hearing, so that he may examine the "notes and forms" provided this court. If the latter documents are the same as were reviewed at the suppression hearing, Criminal Term should compare them with the arresting officer's Grand Jury testimony and report on whether the notes are "nothing more than [a] duplicative equivalent" of the Grand Jury testimony (see *People v Consolazio, supra,* p 454; *People v Walton,* 89 AD2d 611). If the "notes and forms" differ from those which were examined at the suppression hearing, or if there be doubt in this regard, Criminal Term should so report. Furthermore, in such event, Criminal Term should, if able, reconstruct the original notes on the basis of its prior *in camera* review. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.