■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYLE M. BASTIAN, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Schuyler County (Callanan, Sr., J.), rendered June 12, 1985, convicting defendant upon his plea of guilty of the crime of endangering the welfare of a child.

Defendant entered a plea of guilty to the crime of endangering the welfare of a child, a misdemeanor, in satisfaction of four indictments charging defendant with sodomy in the second degree (two counts), patronizing a prostitute in the second degree (four counts), sexual abuse in the second degree (two counts) and endangering the welfare of a child (four counts). He was sentenced to an intermittent term of four months in Schuyler County Jail.

After a suppression hearing, County Court held that the complainant and her parents by their conduct consented to the tape recording of a telephone conversation between the 14-year-old female complainant and the 61-year-old defendant. No eavesdrop warrant had been obtained. County Court concluded that no warrant was required since the recording was made with the consent of one of the parties to the conversation *(see,* CPL 700.05 [1]; Penal Law § 250.00 [1]).

The only issue raised on this appeal is whether County Court erred in denying suppression of the tape-recorded conversation between the complainant and defendant. Defendant argues that the 14-year-old complainant was incapable of consenting to a waiver of her constitutional right to privacy in

the absence of the consent of her parents, and that the finding that her parents consented was not supported in the record.

There should be an affirmance. The complainant did sign a waiver form giving permission to Deputy Philip C. Barnes of the Schuyler County Sheriff's Department to overhear and tape-record her conversation with defendant. Her parents (her natural mother and stepfather) were present during the recording of the conversation. The Deputy had previously explained the plan to tape-record the conversation to the parents and had sought their cooperation in the matter. The parents did cooperate, and participated in arranging for the call to be made. There was ample evidence that the complainant and her parents freely and voluntarily, in a spirit of cooperation, consented to the tape recording. The ruling of County Court was thus proper (see, People v McGee, 49 NY2d 48, cert denied sub nom. Waters v New York, 446 US 942).

In view of our holding, we need not reach the issues of whether the complainant had the capacity to give a valid consent in the absence of her parents' consent, or whether defendant could invoke the infant's constitutional right to vitiate her consent.

Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.