(January 12, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINH MINH CAO, Also Known as MINH VINH CAO, Appellant. —The appeal by defendant Vinh Minh Cao, also known as Minh Vinh Cao, from a judgment of the Supreme Court, New York County (Shirley Levittan, J., on the motion to dismiss pursuant to CPL 30.30; John A. K. Bradley, J., at trial), rendered February 13, 1986, convicting defendant, after jury trial, of robbery in the first and second degrees and sentencing defendant to concurrent prison terms of 5 to 15 years and 3 to 9 years, respectively, is held in abeyance pending the proper determination on remand of defendant's motion to dismiss.

The defendant was indicted on January 13, 1985. Some 11 months later, on December 9, 1985, the defendant moved pursuant to CPL 30.20 and 30.30 to dismiss the indictment claiming that he had been denied a speedy trial. The motion which was returnable the following day was not answered in writing by the People. The People, however, appeared and argued in general fashion that they were not entirely responsible for the delay in bringing the matter to trial. They noted in addition that the complainant for much of the time had not been available to testify, but did not elaborate on their efforts to secure his presence. The motion was summarily denied and the case sent to trial.

As the defendant demonstrated a delay of more than six months in bringing his case to trial, it was the People's burden to show that the delay was not properly chargeable to them *(People v Berkowitz,* 50 NY2d 333). The People failed to answer the motion in writing as they should have *(People v Gruden,* 42 NY2d 214) and, as noted, offered only a brief and very general explanation for the delay. Neither the court nor the People made any attempt to compute the portion of the delay for which the People were responsible.

The People now concede that they did not make an adequate showing. They point out, however, that the motion was made on very short notice *(see,* CPL 210.45 [1]) and that the court in summarily denying the motion might reasonably have believed that postreadiness delay (the People answered ready in Aug. 1985) was not chargeable to them since *People v*

*Anderson* (66 NY2d 529), holding to the contrary, had not yet been decided.

Under these circumstances we believe that the proper course is to hold the appeal in abeyance and remand the matter in order to afford the People an opportunity to respond properly to the motion. If the response is sufficient to raise factual issues, an evidentiary hearing should be held pursuant to CPL 210.45 (6). Concur—Murphy, P. J., Sullivan, Ross, Rosenberger and Smith, JJ.