■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO TABORA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Orange County (Patsalos, J.), rendered March 5, 1984, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested following the sale of a quantity of cocaine to an undercover police officer who taped the transaction by means of a body recorder. Prior to the sale for which the defendant was arrested, he was alleged to have also sold a quantity of cocaine to a friend of his girlfriend, who in turn sold the drugs to the undercover officer and was arrested. At the behest of the undercover officer, the girlfriend's friend telephoned the girlfriend's apartment, where the defendant was staying, and arranged a further drug deal with the defendant. The undercover officer taped the conversation while listening to it on another telephone. Thereafter, the defendant and his girlfriend proceeded to a specified location and met with the undercover officer who was, at the time, wearing a body recorder. The defendant exchanged a quantity of drugs for $1,400 in prerecorded money and was arrested together with his girlfriend. The girlfriend subsequently pleaded guilty to criminal facilitation in the second degree upon the District Attorney's promise to recommend a sentence of five years' probation in return for her cooperation. She

eventually testified for the prosecution at the defendant's trial. The individual who introduced the undercover officer to the defendant, and who was awaiting trial on charges arising from the earlier sale, refused to appear at the defendant's trial, stating that he would invoke his Fifth Amendment rights if questioned about his role in the drug transaction.

On appeal, the defendant raises several issues with respect to the trial court's various evidentiary rulings and the court's charge to the jury. We consider these challenges seriatim.

It is well established that while evidence of unconnected, uncharged criminal conduct is inadmissible if offered only to establish the defendant's criminal propensities, it is admissible if offered for a relevant purpose, and is competent to prove the crime charged by means of establishing motive, intent, absence of mistake or accident, a common scheme or plan, or identity *(see, People v Vails,* 43 NY2d 364, 366; *People v Molineux,* 168 NY 264). Such evidence is also admissible to complete the narrative of the crime charged *(see, People v Gines,* 36 NY2d 932; *People v Brockington,* 126 AD2d 655) and may also be received in evidence if it is inextricably intertwined with the crime charged, provided its probative value outweighs any possible prejudice *(People v Vails, supra,* at 368-369). Such evidence in cases involving drug transactions should not be admitted as inextricably intertwined when it can be readily redacted and is not essential to the proof of the crime charged *(see, People v Crandall,* 67 NY2d 111, 114). However, evidence of prior drug transactions is properly admissible to prove intent, as a matter of necessity, in cases where conduct is at issue which in itself may not be criminal unless accompanied by the requisite unlawful intent *(see, People v Hernandez,* 71 NY2d 233). In the case at bar, we conclude that the evidence of the prior uncharged drug sale was admissible, both to prove the defendant's intent in meeting with the undercover officer and to complete the narrative concerning how the transaction came about.

With respect to the taped telephone conversation itself, it was properly admitted into evidence since the caller's consent can be implied from the surrounding circumstances *(see, People v Bastian,* 125 AD2d 909, *lv denied* 69 NY2d 824) and one party's consent to the taping of a telephone conversation removes such a taped conversation from the purview of CPL 700.05 and its warrant requirements *(see, People v McGee,* 49 NY2d 48, *cert denied sub nom. Waters v New York,* 446 US 942; *People v Smith,* 69 AD2d 845; *People v Goldfeld,* 60 AD2d 1).* Regarding the audibility of the tape itself, the presence of a

foreign language on a tape does not in and of itself render it inaudible *(see, People v Pagan,* 80 AD2d 924). At an audibility hearing, testimony was presented indicating that a court-appointed interpreter translated the Spanish portions of the tape and vouched for the accuracy of the translation. The court heard testimony respecting the making of the transcription and after listening to the tape, determined that it was audible. The defendant did not object to the court's ruling and we find no reason to disturb it *(see, People v Mincey,* 64 AD2d 615, *mot to dismiss appeal denied* 46 NY2d 937). Moreover, it was not improper for the prosecutor to play the tape of the transaction, which had been admitted into evidence, during the People's summation. A prosecutor is afforded great latitude in summation circumscribed by the four corners of the evidence *(see, People v Ashwal,* 39 NY2d 105, 109; *Williams v Brooklyn El. R. R. Co.,* 126 NY 96, 103; *People v Brockington, supra,* at 657).

The prosecutor's further remarks upon summation were not improper in light of the evidence adduced at trial and as a proper response to the defense counsel's summation *(see, People v Marks,* 6 NY2d 67; *see also, People v Ashwal, supra).* In any event, the prosecutor's remarks, even if considered improper, did not deprive the defendant of a fair trial in light of the overwhelming evidence of guilt *(see, People v Oakley,* 114 AD2d 473, *lv denied* 66 NY2d 921).

The defendant also challenges on appeal the court's *Rosario* ruling respecting certain documents in the District Attorney's file *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765). The defendant did not object to this ruling at trial and, accordingly, the issue is not preserved for our review. In any event, the defendant is not generally to be afforded free access to the prosecutor's entire file and we do not find that the court abused its discretion in assessing the relevance of the alleged *Rosario* material *(see, People v Poole,* 48 NY2d 144, 149-150; *People v Martinez,* 96 AD2d 516, 517, *affd after remand* 100 AD2d 884).

The defendant also charges that the court failed to adequately marshal the evidence. In a relatively simple case such as this, however, failure of the court to marshal the evidence does not require reversal *(see, People v Harris,* 69 AD2d 843) and any deficiency in the marshaling did not deprive the defendant of a fair trial *(see, People v Culhane,* 45 NY2d 757, *cert denied* 439 US 1047). We also find that any error in the court's refusal to charge that the defendant's girlfriend was an interested witness was necessarily harmless in light of the

court's charge respecting her accomplice liability which, in much stronger language, cautioned the jury respecting her credibility. Nor do we find the court's refusal to charge an agency defense to be error since there was no evidence in the record of an agency relationship from which a jury could infer that the defendant was acting as an agent merely to accommodate the buyer in the drug transaction *(see, People v Feldman,* 50 NY2d 500; *People v Sierra,* 45 NY2d 56; *People v Lam Lek Chong,* 45 NY2d 64, *cert denied* 439 US 935).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The sentence was not excessive. We find the defendant's further contentions, including those raised in his supplemental *pro se* brief, to be without merit. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.