■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MONTFORD, Appellant.—Appeal from the judgment of the Supreme Court, New York County, rendered on February 1, 1988 (Robert Haft, J., at speedy trial motion; Howard Bell, J., at suppression hearing, trial, sentence and resentencing), convicting defendant, following a jury trial, of robbery in the second degree and resentencing him, as a predicate violent

felony offender, to a term of from 4 to 8 years' imprisonment, is held in abeyance and the matter remanded for a hearing pursuant to CPL 30.30 to be held within 60 days of the date of this order.

On May 29, 1985, a 77-year-old man was robbed in the restroom of a theatre. Defendant was immediately arrested by the police near the theatre after being identified by the complainant, and, the next day, he was indicted for robbery in the second degree. On May 14, 1986, the date that the trial was scheduled to commence, the parties appeared in court, and the People announced that they were ready for trial. The defendant, however, moved to dismiss the indictment on the ground that he had been denied his right to a speedy trial. In the ensuing discussion, the District Attorney noted that they had first answered ready for trial well within six months of defendant's arrest. Then, following an examination of defendant's moving papers and the court file, the Judge summarily denied the motion and referred the case for an immediate trial. According to the court: "This case originated in Part 70 and so that I do not have before me, the judge's notes of each adjournment that took place in Part 70. I do have defendant's affidavit and I have the court file. It is clear from both documents that six months of includable time did not expire by March 18, 1986 when the People answered ready in this court and the defendant asked for an adjournment. On the next adjournment the defendant failed to appear. He did return voluntarily. Since March 18 when the People answered ready, the People have asked for only one short adjournment and that was for the purpose of reassigning the case to another assistant district attorney because the original assistant was taking a leave of absence. The present assistant district attorney, Mr. Steiner, was reassigned to the case. He's answered ready on the first available date, that is today, and, therefore, my ruling is that the defendant—that the defendant's motion is denied. Six months of includable time has not expired."

Defendant was subsequently convicted of robbery in the second degree. On appeal, he challenges the sufficiency of the evidence against him and asserts that the prosecutor's summation deprived him of a fair trial. In addition, defendant contends that the trial court committed error in denying his motion to dismiss for failure to receive a speedy trial. In response, the People do not address the issues raised by defendant with respect to the adequacy of the evidence or the propriety of the District Attorney's summation but concede

that the Trial Judge should not have summarily denied defendant's speedy trial motion. Rather, the People urge, the court should have afforded the prosecution an opportunity to respond to the motion in writing and should have held a hearing to resolve any factual disputes, citing *People v Santos* (68 NY2d 859) and *People v Berkowitz* (50 NY2d 333). In that regard, the law is clear that "[w]here a defendant moves to dismiss an indictment on the grounds specified in CPL 30.30 and includes in the moving papers sworn allegations that there has been unexcused delay in excess of the statutory maximum, the motion must be granted summarily unless the People controvert the factual basis for the motion * * * Thus, once a defendant has shown the existence of an unexcused delay greater than three or six months, the burden of showing that time should be excluded falls upon the People * * * Where the papers submitted by the prosecutor show that there is a factual dispute, there must be a hearing" *(People v Santos, supra,* at 861).

Since it is evident that the trial court committed error in summarily denying defendant's motion to dismiss pursuant to CPL 30.30, this court, in the exercise of its discretion, will hold the appeal in abeyance pending remand of the matter to provide the People with an opportunity to respond properly and for a hearing to resolve any factual disputes *(see, People v Vinh Minh Cao,* 136 AD2d 472). Concur—Sullivan, J. P., Carro, Asch and Milonas, JJ.