■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL RIVERA, Appellant.—Judgment, Supreme Court, New York County (Alfred H. Kleiman, J.), rendered May 7, 1986, which convicted defendant, after a jury trial, of two counts of the crime of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), and sentenced him, as a predicate felon, to an indeterminate term of imprisonment of 4½ to 9 years, is reversed, on the law, on the facts, and, as a matter of discretion in the interest of justice, judgment vacated, and the matter is remanded for a new trial.

On March 2, 1985, after being observed by the police making illegal narcotic sales, the defendant was arrested.

By indictment Number 2514, filed April 19, 1985, defendant was charged by a New York County Grand Jury with the crimes of a criminal sale of a controlled substance in the third

degree (Penal Law § 220.39 [two counts]), criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [two counts]), and, criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03 [two counts]). These charges pertain to two sales of heroin made by defendant, on March 2, 1985, to Messrs. Ronald Morales (Mr. Morales) and George Wescot (Mr. Wescot).

At the defendant's trial, the People's case consisted primarily of the testimony of Police Officer Frank Bose (Officer Bose), who, in March 1985, was assigned to the 7th Precinct Street Narcotics Enforcement Unit.

Officer Bose testified, in substance, as follows: on March 2, 1985, he was on duty on the lower east side of Manhattan; between 1:40 P.M. and 2:50 P.M., he was stationed on the roof of 6 Clinton Street, which was a six-story building, located in the vicinity of Clinton and Stanton Streets; from his vantage point on the roof, the witness, through a pair of binoculars, had an unobstructed view of the defendant, who was standing on the pavement under a shop's awning; during the course of more than an hour, the witness observed the defendant engage in six separate transactions; in each transaction, the defendant apparently sold one or more blue glassine envelopes to the buyer, who in exchange, gave the defendant money; upon the completion of each sale, the witness transmitted, by radio, to his backup team, *inter alia,* a description of the buyer; and, as a result of receiving this information, the backup team only arrested Messrs. Morales and Wescot, who were the buyers in 2 of the 6 sales.

At about 2:50 P.M., the witness radioed his backup team and they arrested the defendant. When the police searched defendant, they recovered, from inside one of his socks, a total of $396 in United States currency, which consisted of paper money in denominations of $1, $5, $10 and $20 bills.

Furthermore, Officer Bose testified that, after defendant's arrest, he was taken to the 7th Precinct station house, where he was given his *Miranda* rights, which he waived. Thereafter, the witness asked the defendant where he kept his "stash", and defendant replied "he just sold out".

Subsequently, the jury returned a verdict, which found defendant guilty of two counts of the crime of a criminal sale of a controlled substance in the third degree.

On appeal, defendant contends the trial court committed reversible error, when it permitted Officer Bose to testify about four unrelated and uncharged crimes. As mentioned

*supra,* although Officer Bose testified that he saw defendant allegedly make six drug sales, the indictment, *supra,* only charged defendant with the two sales he had made to Messrs. Morales and Wescot.

Evidence of uncharged crimes "may not be received unless its probative value exceeds the potential for prejudice resulting to the defendant" *(People v Alvino,* 71 NY2d 233, 242 [1987]). Moreover, the Court of Appeals held in *People v Crandall* (67 NY2d 111, 114 [1986]) that "[e]vidence concerning sales of narcotics other than that for which defendant is on trial is improperly admitted * * * when * * * [evidence of such other sales] is not essential to proof of the crime in issue."

The facts in the cases of *People v Crosby* (51 AD2d 902 [1st Dept 1976]) and *People v Negron* (136 AD2d 523 [1st Dept 1988]) are almost identical to those found in the instant case. While the defendants in *People v Crosby (supra)* and *People v Negron (supra)* were each charged with a single drug sale, the trial court permitted the prosecution, in both cases, to present police testimony that the defendant made additional unrelated and uncharged narcotics sales. We reversed the convictions in *People v Crosby (supra)* and *People v Negron (supra)* in the interest of justice, and remanded for new trials, in view of the fact that we found the purpose of the testimony about the unrelated and uncharged sales was "not essential to proof of the crime in issue" *(People v Crandall, supra,* at 114). Our review of the record in those cases indicated that the jury in its deliberations may well have considered the evidence of the unrelated and uncharged sales as proof of guilt, even though such evidence bore no relationship to the actual sale with which the particular defendant was charged.

Applying the legal authority, *supra,* to the facts of the instant case, we find that the prejudicial effect of the testimony, relative to the four unrelated and uncharged sales, outweighed its probative value, since that testimony was "not essential to proof of the crime in issue" *(People v Crandall, supra,* at 114). In other words, the only purpose of that testimony was to indicate defendant's "propensity to deal in narcotics and, as such, was inadmissible" *(People v Crosby, supra).* Therefore, based upon our analysis, we conclude that the trial court erred in allowing the testimony about the four unrelated and uncharged crimes.

Defense trial counsel did not interpose specific objections to the testimony of Officer Bose relative to the uncharged crimes,

and, as a result, this issue has not been properly preserved for our review (CPL 470.05 [2]). However, we find this error so substantial, that we reverse the conviction, in the interest of justice, and remand for a new trial *(see, People v Maschi,* 76 AD2d 808 [1st Dept 1980]).

We have examined the other points raised by defendant, and find them to be without merit. Concur—Murphy, P. J., Ross, Ellerin and Wallach, JJ..

Kupferman, J., dissents in a memorandum as follows: I would affirm. This appears to be another example of an undue burden on the criminal justice system. *(Cf., People v Mosley,* 136 AD2d 500, 501 [dissent].)

As the majority opinion concedes, the matter has not been preserved for review and, therefore, it has to be the interest of justice that applies for us to reverse and remand for a new trial.

Unlike the situation in cases such as *People v Crosby* (51 AD2d 902), where there was a single drug sale, here, the charge was two drug sales. Once we get beyond an isolated instance, the additional sales have less significance. The error cannot be considered substantial, and the interest of justice jurisdiction should not apply. "On the whole record, therefore, the trial was not unfair to defendant." *(People v Williams,* 50 NY2d 996, 999.)