■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO VIDAL, Appellant.—Judgment, Supreme Court, New York County (Ira Beal, J.), rendered March 22, 1988, convicting defendant of criminal sale of a controlled substance in the first degree (two counts) and criminal sale of a controlled substance in the second degree, and imposing concurrent terms of imprisonment of from 15 years to life (twice) and three years to life, respectively, unanimously reversed, on the law, the matter remanded for a speedy trial hearing and a new trial, if warranted.

There was ample evidence to support defendant's conviction for his involvement in three sales of cocaine in May 1985, involving $15,600 in all. We do not find any reasonable view of the evidence which would support an agency defense. Unfortunately, however, the People, over defendant's objection, were permitted to call Detective Jose Guzman, who after being qualified as an expert in the narcotics trade, testified to subsequent dealings with defendant over possible future drug

sales. At the initial meeting, after displaying his wares, defendant attempted to arrange a sale of a kilogram for $47,000. Guzman testified that on another occasion he engaged defendant in a tape recorded telephone conversation about a proposed sale of a kilogram of cocaine for $37,000. In a subsequent taped conversation defendant told Guzman that the price for one eighth of a kilogram had gone from $6,000 to $6,500.

It was error to permit Detective Guzman to testify about general drug activity, which was unnecessary, and in particular, defendant's actions in attempting to arrange other drug sales subsequent to the three transactions for which he was indicted. Evidence of uncharged crimes may not be received unless its probative value exceeds its potential for prejudice. *(People v Alvino,* 71 NY2d 233, 242.) Proof of these uncharged crimes was clearly unnecessary to the crimes at issue. *(People v Crandall,* 67 NY2d 111, 114; *see, People v Rivera,* 144 AD2d 258; *People v Negron,* 136 AD2d 523.) Clearly, this testimony was offered solely to indicate defendant's " 'propensity to deal in narcotics' " *(People v Rivera, supra,* at 260).

It was also error for the court summarily to deny defendant's CPL 30.30 and 30.20 dismissal motions. The last sale involved herein took place on May 23, 1985. A felony complaint was not lodged against defendant until April 24, 1986, almost a year later, resulting in an April 29, 1986 indictment. Defendant moved on January 5, 1987 for a dismissal pursuant to CPL 30.20 and 30.30, arguing that the People waited one year before arresting him and that they never asserted their readiness for trial during the more than six-month period subsequent to the filing of the felony complaint. The People never responded in writing to the motion. Thus, the record is barren as to whether the delay was occasioned by the People or defendant. Nevertheless, the court summarily denied defendant's speedy trial motion. On appeal they have attempted to reconstruct all of the calendar calls and adjournments for the period in question in support of their claim that fewer than 183 days chargeable to the People had elapsed. Where a defendant moves to dismiss on CPL 30.30 grounds and includes sworn allegations as to an unexcused delay in excess of the statutory six-month minimum, the burden shifts to the People to demonstrate that the delay is not properly chargeable to them *(People v Berkowitz,* 50 NY2d 333, 349). The allegations contained in defendant's affidavit in support of the motion were sufficient to meet his burden, thus triggering his right to a hearing to resolve any factual disputes and to

provide the People with an opportunity to meet the allegations. *(People v Montford,* 139 AD2d 424, 426.)

Consequently, defendant is entitled to a hearing on his CPL 30.30 claim, as well as, especially in light of the preaccusatory delay, his CPL 30.20 claim as to his common-law right to a speedy trial after the commencement of an action. Concur—Murphy, P. J., Sullivan, Kassal, Wallach and Smith, JJ.