■ The People of the State of New York, Respondent, v Scott T. Harvey, Appellant.—Judgment unanimously af-

firmed. Memorandum: On appeal from his conviction, after a bench trial, of criminal sale of a controlled substance in the first degree, defendant contends that the court erred in receiving evidence of prior uncharged crimes and that the evidence was insufficient to prove his complicity in the sale. Neither claim has merit.

In addition to the sale of one-half pound of cocaine for which defendant was convicted, defendant was under indictment for two smaller sales which had taken place shortly before this one. The court admitted evidence of defendant's participation in the prior sales on the theory that it was relevant to show motive, intent, absence of mistake, and a common scheme or plan (see, People v Molineux, 168 NY 264, 291-294). Evidence of prior uncharged crimes may not be admitted if its only purpose is to establish the criminal character of the defendant (see, People v Santarelli, 49 NY2d 241, 247, rearg denied 49 NY2d 918; People v Allweiss, 48 NY2d 40, 46). On the other hand, such evidence is admissible where the prior crime bears on a material issue in the case (see, People v Santarelli, supra). Even then, however, the probative value of that evidence must be weighed against its potential to prejudice defendant by demonstrating his criminal propensity (see, People v Ventimiglia, 52 NY2d 350, 359).

Here, defendant's participation in the prior transactions was relevant on the issue of his intent in the charged transaction and tended to establish a common plan (see, People v Alvino, 71 NY2d 233, 237, 239-241, 245-247; People v Bristow, 106 AD2d 510). Because defendant was charged as an accomplice, the People were required to show that he participated in this sale with the same intent as the principal (see, Penal Law § 20.00). Proof of defendant's complicity in the prior transactions was directly probative of his intentional and knowing participation in the subject sale, and the probative worth of that evidence outweighed its prejudicial effect. The issue of defendant's intent was critical as he testified that he did not participate in the sale or know that a drug transaction would be taking place. Because defendant attempted to minimize his involvement in the subject sale, proof of his knowing participation in the negotiations leading to the prior transactions was necessary to establish his intentional and knowing participation in the charged transaction.

The evidence was sufficient to support the charge. The proof demonstrated that defendant was present at and participated in the drug sale that he had arranged several days earlier as part of an ongoing pattern of similar sales. (Appeal from

judgment of Monroe County Court, Maloy, J.—criminal sale of controlled substance, first degree.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.