■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TORAN CHANG, Appellant.—Judgment, Supreme Court, New York County (Shirley Levittan, J., on motion to dismiss; John A. K. Bradley, J., at trial with a jury and sentence), rendered January 28, 1986, convicting defendant of robbery in the first and second degrees and sentencing him to concurrent indeterminate terms of imprisonment of from 6 to 18 years and from 4 to 12 years, respectively, is unanimously affirmed.

The evidence at the trial established that defendant, acting in concert with others, intended permanently to deprive the complainant of the cash, if not the driver's license and registration, that was taken from him. We also find that defendant was not entitled to a CPL 30.30 dismissal since the People were not chargeable with more than six months of delay. Although the District Attorney failed on several occasions to produce defendant, this failure was not the only reason for the adjournments. Various motions were pending, and defense counsel was absent for a variety of reasons, including substitution of counsel, illness or actual engagement. Accordingly, the People were not chargeable with the delays (CPL 30.30 [4] [a], [f]; *cf., People v Worley,* 66 NY2d 523; *People v Anderson,* 66 NY2d 529). Concerning the People's failure to respond in writing to defendant's motion, as we previously noted in connection with codefendant's appeal *(People v Vinh Minh Cao,* Sup Ct, NY County, Feb. 13, 1986, *appeal held in abeyance* 136 AD2d 472, *affd* 148 AD2d 344), the motion was made just prior to trial leaving insufficient time in which to respond

in writing, and thus the absence of a response in writing did not constitute a failure to raise factual issues. We also find that the detective's testimony concerning the "Ghost Shadows" gang to which defendant belonged was properly admitted *(cf., People v Siu Wah Tse,* 91 AD2d 350). The complainant identified his assailants as persons who claimed to be gang members, and the detective's testimony corroborated that claim. Defendant was identified as a gang member, and the coffee shop was identified as a gang hangout. Finally, we find that the sentence imposed, considering among other things, "the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction" *(People v Farrar,* 52 NY2d 302, 305), was not an abuse of discretion. Concur—Kupferman, J. P., Ross, Asch, Kassal and Wallach, JJ.