■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered April 12, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, a police officer testified that he observed the defendant engage in three separate sales of so-called "crack cocaine". The three crack sales occurred one after the other, at approximately 9:28 P.M., 9:52 P.M., and 10:10 P.M. on April 14, 1987. The sales were made to three different individuals, and on each occasion the defendant was observed removing a vial from his mouth and furnishing it to his customer in exchange for money. It was apparently only the third customer who was pursued and apprehended, and it was apparently only the third vial which was recovered. The defendant was thus charged only in connection with the third transaction, and he now claims that the trial court erred in allowing

the police officer to refer, in his testimony, to the two prior sales. We disagree.

"[E]vidence of a connected but uncharged crime may be admissible as long as it is for a relevant purpose * * *. In the case at bar, the connection was obvious, the incidents related having occurred almost immediately prior to the incident which was the subject of the indictment" *(People v Jackson,* 45 AD2d 828, 829, *affd* 39 NY2d 64). The two uncharged crimes in the present case shared the same unusual modus operandi as the crime for which the defendant was indicted, and they occurred at the same place and within the course of roughly 45 minutes. "There was sufficient specificity of time, place and circumstance * * * tending to prove the defendant's complicity in the crime charged in the indictment" *(People v Brannon,* 58 AD2d 34, 42). The collateral crimes were "so related in character, time and place of commission as to tend to support the conclusion that there was a plan or system which embraced both them and the crime which is charged" *(People v Duffy,* 212 NY 57, 67; *see also, People v Jackson, supra; People v Brannon, supra;* Richardson, Evidence § 179 [Prince 10th ed]; *cf., People v Alvino,* 71 NY2d 233).

The rule announced in the *Duffy* case *(supra)* is particularly applicable to a case, such as the present one, where the defendant's modus operandi is extremely peculiar *(cf., People v Rivera,* 144 AD2d 258; *People v Negron,* 136 AD2d 523; *People v Crosby,* 51 AD2d 902). A reasonable juror might certainly find it difficult to believe that a drug dealer would store narcotics in his mouth, rather than, for example, in his pocket. Had such a juror been asked to convict the defendant on the basis of a police officer's claim to have witnessed only a single such transaction, the mere improbability of such a scenario might have led to the creation of a reasonable doubt as to the defendant's guilt. Under these circumstances, the prosecution had every right to prove the occurrence of the two prior transactions in order to show that, however difficult it might be to believe, the police officer's account of his observations was entirely accurate. Furthermore, this evidence was relevant because it tended to explain why, contrary to what a juror might otherwise expect, the defendant apparently had no narcotics in his possession at the time of his arrest. The record, which includes the officer's testimony that the defendant seemed to swallow something just as he was being taken into custody, permits the inference that the defendant literally ate the evidence which would have incriminated him.

We believe, in short, that the evidence of uncharged crimes

was not permitted *solely* for the purpose of showing the defendant's criminal propensities. Instead, this evidence allowed the jury to consider the concededly relevant evidence relating to the third transaction in its proper context *(cf., People v Tabora,* 139 AD2d 540; *see also, People v Guzman,* 146 AD2d 799). Although the court erred in failing to instruct the jury as to the limited purpose for which this evidence was offered, any issue of law with respect thereto was not preserved for appellate review.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Rubin, Rosenblatt and Miller, JJ., concur.