■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE MASCOLI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered November 29, 1989, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged under the last count of a four-count indictment with acting in concert with one Scott Wright in the sale of one-half kilo of cocaine to undercover police officers on October 23, 1987. A third participant in the sale escaped with the cocaine. Wright, who testified at the defendant's trial, pleaded guilty under this fourth count of the indictment charging him with criminal sale of a controlled substance in the first degree to attempted criminal sale of a controlled substance in the first degree to cover the entire indictment, which included three other sales by Wright to the undercover officer. The defendant's defense was that he was merely an innocent bystander who was wrongly arrested. His chief contention on appeal is that the trial court erred in admitting evidence that he had supplied narcotics on previous occasions to his accomplice Wright.

Evidence of uncharged crimes must be excluded where it is offered solely to establish a defendant's criminal propensity *(see, People v Hudy,* 73 NY2d 40, 54-55; *People v Alvino,* 71 NY2d 233, 241; *People v Sanchez,* 154 AD2d 15). Such evidence, however, is admissible where the prior uncharged offense bears on a material issue in the case *(see, People v Santarelli,* 49 NY2d 241, 248), and where its probative value outweighs its potentially prejudicial effect *(see, People v Ventimiglia,* 52 NY2d 350, 359).

Inasmuch as the defendant denied his involvement in the October 23, 1987, sale, which was the only crime with which he was charged, proof of his knowing participation in prior narcotics transactions was admissible as tending to establish his intentional and knowing participation in the charged crime *(see, People v Ingram,* 71 NY2d 474, 479). Moreover, because the defendant was charged under an acting-in-concert theory, the People were required to demonstrate that he participated in the charged offense with the same intent as his accomplice Wright *(see, People v Jackson,* 39 NY2d 64; *People*

*v Harvey,* 156 AD2d 983; *see also,* Penal Law § 20.00). Accordingly, evidence that the defendant had supplied Wright with cocaine in one of the prior sales to the undercover officers and on numerous other occasions was relevant and admissible on the issue of his intent in the charged transaction, as it tended to establish a common plan and negated his defense of mistake *(see, People v Alvino,* 71 NY2d 233, *supra; People v Bristow,* 106 AD2d 510). Additionally, the evidence of uncharged crimes allowed the jury to evaluate the prosecution's evidence and the proffered defense relating to the charged transaction in its proper context *(see, People v Smith,* 163 AD2d 432; *People v Tabora,* 139 AD2d 540) Under these circumstances, the trial court properly found that the probative value of the proof of the defendant's complicity in prior transactions outweighed its prejudicial effect.

The defendant's additional claims regarding the court's failure to give a limiting instruction and the prosecutor's alleged improper summation comments have not been preserved for appellate review as a matter of law *(see,* CPL 470.05 [2]), and we decline to exercise our interest of justice jurisdiction to consider them.

We have examined the defendant's remaining contentions and find them either to be unpreserved for appellate review or without merit. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.