■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS GRAHAM, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered April 17, 1989, convicting him of criminal possession of a controlled substance in the fourth degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied a fair trial by the admission of evidence, without a hearing, of uncharged crimes *(see, People v Ventimiglia, 52 NY2d 350).* He further contends that proper limiting instructions were not given at the time of the admission of that evidence. In addition, he contends that the trial court improperly allowed a prosecution witness, in response to a question on cross-examination, to comment on the complaints made by residents in the area where the defendant was arrested, and to mention that an innocent person at that place had been shot in the head. Moreover, he objects to the court's charge and to the prosecutor's summation, wherein the prosecutor mentioned the defendant's two prior misdemeanor convictions in support of his argument that the defendant's trial testimony was not credible.

All of the issues now raised by the defendant are unpreserved for appellate review *(see, People v Udzinski, 146 AD2d*

245; *People v Williams,* 46 NY2d 1070; CPL 470.05 [2]). In any event, we disagree with the defendant's assessment. First, we find the evidence of the uncharged drug sales to have been properly admitted, since they were directly probative of the defendant's intent to sell *(see, People v Alvino,* 71 NY2d 233; *People v Parsons,* 150 AD2d 614). Although the court should have instructed the jury on the limited purpose of that evidence *(see, People v Best,* 121 AD2d 457), in this case, the defendant never requested such a limiting instruction before or during the trial. In any event, the trial court's final charge on this matter contained explicit limiting instructions which removed any possible prejudice.

We have examined the defendant's remaining contentions and, in addition to them being unpreserved for appellate review, we find that they are either without merit, or, to the extent that any error did exist, are harmless in light of the overwhelming evidence against the defendant *(see, People v Crimmins,* 36 NY2d 230). Eiber, J. P., Sullivan, Balletta and O'Brien, JJ., concur.