■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SILVA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered October 2, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that evidence of an uncharged crime was improperly admitted into evidence when an undercover police officer testified that while he was buying narcotics from the defendant, an unknown man interrupted the sale and made a drug purchase from the defendant. However, we find that the evidence was properly admitted as directly probative of the defendant's intent to sell the additional

heroin he possessed at the time of his arrest (see, People v Alvino, 71 NY2d 233; People v Green, 170 AD2d 530, 530-531; People v Graham, 168 AD2d 632, 633; cf., People v Caviness, 170 AD2d 615, 616).

The defendant has failed to preserve for appellate review his claim regarding the court's failure to give a limiting instruction, as he neither requested such an instruction nor objected to the charge as given (see, CPL 470.05 [2]; People v Williams, 50 NY2d 996, 998; People v Smith, 163 AD2d 432, 434; People v Rios, 183 AD2d 734). In any event, although the trial court erred in this respect (see, People v Williams, supra, at 998; People v Smith, supra, at 434), we nevertheless conclude that its failure to give a limiting instruction was harmless (see, People v Rosado, 79 AD2d 666), in light of the overwhelming evidence of the defendant's guilt, which included the strong identification evidence of the undercover officer, who had ample opportunity to observe the defendant during the transaction.

We find that the sentence imposed was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80). Eiber, J. P., Ritter, Pizzuto and Santucci, JJ., concur.