■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRAHAM ODLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered August 17, 1990, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. No questions of fact have been raised or considered.

The prosecutor overstepped the bounds of proper conduct in numerous instances at the trial. Although the charges against the defendant arose from a single transaction, the prosecutor continually elicited information regarding uncharged crimes against the defendant. For example, the prosecutor elicited that two people who had been in the defendant's room on the night of the incident, and had been in possession of drugs which they, including the defendant, allegedly had just purchased, went immediately from the defendant's room to the street and began to sell the drugs. The prosecutor elicited from a prosecution witness that the defendant had allegedly gotten the witnesses' daughter involved with drugs. The prosecutor also elicited that the defendant had given drugs to his

nephew on a prior occasion unrelated to the present charge, and asked one of the defense witnesses: "Did you know that Cassana, another one of [the defendant's] nieces, had involvement with drugs? * * * Did you know that [the defendant] got these two kids involved in drugs?" However, none of the evidence supported the contention that the defendant had induced Cassana to use drugs, nor was this allegation relevant to the specific charges against the defendant. None of these facts or innuendo was necessary to prove any element of the crime charged, nor can it be said that this information was "inextricably interwoven" in the narrative of this case (see, People v Vails, 43 NY2d 364, 368). It could only have been offered to demonstrate the defendant's criminal propensity and bad character, and, as such, was improper (see, People v Allweiss, 48 NY2d 40, 46-47; People v Molineux, 168 NY 264, 294; People v Tabora, 139 AD2d 540, 541).

The prosecutor also attempted to have the defendant found guilty by association, by extensively pursuing an irrelevant line of questions with the defense witnesses regarding the drug problem in the defendant's neighborhood, and by exploring the alleged drug problem of the defendant's brother. This, too, was improper (see, Matter of Dorothy D., 49 NY2d 212, 216; see generally, People v Stanard, 32 NY2d 143).

The prosecutor committed error during his summation when he made statements such as "all these people with drug problems just happened to be people that surround [the defendant]", and when he stated that the defendant had enlisted his nephew as "one of his drug dealers", implying that the defendant had several drug dealers working for him. This went far beyond the permissible bounds of summation (see generally, People v Ashwal, 39 NY2d 105, 109-110).

We find that these errors deprived the defendant of a fair trial and require reversal in this case. Thompson, J. P., Bracken, Pizzuto and Santucci, JJ., concur.