■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAOMI DAVIS, Appellant. [595 NYS2d 823] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered February 6, 1991, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, who testified at the trial that she was a prostitute, admitted that she had obtained crack cocaine at the request of an undercover police officer. However, the defendant argued that she had purchased the crack cocaine from the codefendant Claude Ellis as an agent for the undercover officer, whom she believed to be a "John". The defendant contends that the court erred when it permitted the People to introduce into evidence a quantity of crack cocaine and $57 in currency which had been taken from Ellis when he and the defendant were arrested. We disagree.

We note that the defendant's contentions of error with respect to the introduction of the currency are unpreserved for appellate review, since trial counsel failed to interpose a timely objection to the People's offer of the currency into evidence *(see, CPL 470.05 [2]; People v Udzinski*, 146 AD2d 245). In any event, the defendant's contentions lack merit.

While we agree that Ellis's possession of the crack cocaine and the currency was not directly probative of the defendant's intent as a seller or to rebut her claimed status as the agent of the undercover officer, the evidence was nevertheless properly admitted in order to complete the factual narrative of the crime charged, and thus to allow the jury, as finder of fact, to properly evaluate the prosecution's evidence and the proffered

agency defense within its proper context *(see, People v Mascoli,* 166 AD2d 612). In any event, it is clear that the defendant was not prejudiced by the admission of this evidence. At the trial, the defendant testified that Ellis was the seller of the crack cocaine and that she was merely the agent of the undercover officer. Moreover, Ellis—who had pleaded guilty earlier—testified at the trial on the defendant's behalf and admitted that he had been selling crack cocaine on the street prior to his arrest. Since the defendant's trial strategy was to portray Ellis as the criminal seller of the crack cocaine which she had purchased, and since Ellis himself admitted that he had been selling crack cocaine that day, it is highly improbable that the jury would have chosen to discredit the defendant's agency defense merely because Ellis happened to be in possession of crack cocaine and currency when he was arrested.

Finally, the defendant's contentions of error with respect to the prosecutor's summation are either unpreserved for appellate review or lacking in merit *(see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641; *see also, People v Arce,* 42 NY2d 179; *People v Ashwal,* 39 NY2d 105). Thompson, J. P., Rosenblatt, Miller and Eiber, JJ., concur.