■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK KANSTON, Appellant. [597 NYS2d 152] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered October 30, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction stems from his participation in the sale of cocaine to an undercover officer in a so-called "buy and bust" operation in Brooklyn. At trial, two undercover narcotics officers testified that they observed a number of individuals approach the defendant and hand him money. These individuals then walked over to the codefendant, who gave each of them a blue plastic package. Minutes later, the defendant accepted two pre-recorded $10 bills from one of the undercover officers. The defendant then looked at the codefendant and nodded his head, and the codefendant handed the officer a blue plastic package containing cocaine. Immediately after the sale, the defendant was arrested by the undercover officer's backup team, and the pre-recorded money was recovered.

The defendant contends that the admission of evidence indicating that he and his codefendant sold narcotics to other individuals prior to the charged sale deprived him of a fair trial. We disagree. Although evidence of uncharged crimes must be excluded where it is offered solely to establish a defendant's criminal propensity (see, People v Hudy, 73 NY2d 40, 54-55; People v Alvino, 71 NY2d 233, 241), such evidence is admissible where the prior uncharged offense bears on a material issue in the case, and where its probative value outweighs its potentially prejudicial effect (see, People v Ventimiglia, 52 NY2d 350; People v Santarelli, 49 NY2d 241; People v Molineux, 168 NY 264). Moreover, "evidence of prior drug transactions is properly admissible to prove intent, as a matter of necessity, in cases where conduct is at issue which in itself may not be criminal unless accompanied by the requisite unlawful intent" (People v Tabora, 139 AD2d 540, 541; see also, People v Alvino, 71 NY2d 233, supra). Contrary to the defendant's contention, we find that the evidence that he and his codefendant engaged in multiple narcotics transactions minutes before commission of the charged sale was properly admitted to establish that he knowingly and inten-

tionally acted in concert with his codefendant to sell cocaine (see, People v Carter, 77 NY2d 95, 107, *cert denied* 499 US 967; *People v Ingram,* 71 NY2d 474, 479; *People v Arguedas,* 181 AD2d 595; *People v Tabora, supra).* The evidence was also relevant because it tended to establish the existence of a common scheme or plan, and because it negated the defendant's defense, which was that he approached the codefendant to purchase cocaine for his own use, and that he innocently agreed, as a favor, to give the codefendant a $20 bill in exchange for the two pre-recorded $10 bills *(see, People v Alvino, supra; People v Mascoli,* 166 AD2d 612). Under these circumstances, the evidence of uncharged crimes allowed the jury to evaluate the prosecutor's evidence and the proffered defense relating to the charged transaction in its proper context *(see, People v Mascoli, supra; People v Smith,* 163 AD2d 432; *People v Tabora, supra).*

We further find that the undercover officer's testimony regarding the description of the seller, which he communicated to his backup team, did not constitute bolstering in violation of *People v Trowbridge* (305 NY 471; *see, People v Byrd,* 187 AD2d 724; *People v Cardona,* 173 AD2d 364; *People v Sarmiento,* 168 AD2d 328, *affd* 77 NY2d 976). The undercover officer's testimony, together with the testimony of the arresting officers who received the description, provided a necessary explanation of the events which precipitated the defendant's arrest *(see, People v Sarmiento, supra).*

We have reviewed the defendant's remaining contention and find it to be without merit. Sullivan, J. P., Balletta, Lawrence and Eiber, JJ., concur.