714 So.2d 545 (1998)
The STATE of Florida, Appellant,
v.
Jerome M. HERSHKOWITZ, Appellee.
No. 97-3660.
District Court of Appeal of Florida, Third District.
June 24, 1998.
Rehearing Denied July 29, 1998.
*546 Robert A. Butterworth, Attorney General and Richard L. Polin, Assistant Attorney General, for appellant.
H. Dohn Williams, Jr., Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and GODERICH and SORONDO, JJ.
SCHWARTZ, Chief Judge.
The state appeals from an order suppressing recorded telephone conversations with the defendant in an ambulance chasing prosecution. The interceptions took place with the consent of a participating informant and under the direction of investigative officers of the Insurance departmentall in full compliance with section 934.03(2)(c), Florida Statutes (1995).[1] The trial court concluded, however, that the interceptions were statutorily unauthorized because the investigation did not relate to any of the offenses specified in section 934.07,[2] which permits judicial authorization of obviously non-consensual wiretaps. Essentially because the trial court so mixed two separate fruits that its ruling amounts to a botanically unacceptable conclusion *547 that apples grow on orange trees or vice versa, we reverse.
Briefly, it is clear that the lower court's ruling is both totally unsupported by the language of section 934.07 and directly contrary to that of section 934.03(2)(c) which indeed refers to obtaining evidence of "a" meaning "any," Izadi v. Machado (Gus) Ford, Inc., 550 So.2d 1135, 1138 n. 3 (Fla. 3d DCA 1989)"criminal act." Moreover, it defies the plain thrust of the scheme adopted by the legislature, which commonsensibly provides more stringent requirements for a wiretap than for a consensual interception such as those involved here. See United States v. Caceres, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979); Sarno v. State, 424 So.2d 829 (Fla. 3d DCA 1982), pet. for review denied, 434 So.2d 887, 888 (Fla.1983); People v. Tabora, 139 A.D.2d 540, 527 N.Y.S.2d 36 (1988), appeal denied, 72 N.Y.2d 925, 532 N.Y.S.2d 859, 529 N.E.2d 189 (1988); State v. Braddock, 452 N.W.2d 785 (S.D.1990).
We likewise find no merit in the defendant's alternative argument for affirmance which, as we understand it, is that the Insurance personnel involved in this case do not qualify as "investigative ... officer[s]" under section 934.03(2)(c). To the contrary, the prior version of section 934.03(2)(c) was amended in 1988, Ch. 88-184, § 2, Laws of Fla., specifically to include these officers. As the House of Representatives Committee on Criminal Justice Staff Analysis & Economic Impact Statement for PCB CJ 88-15 states:
(2)(c) The proposed revision makes required substitution of specific sections for "this chapter" and adds required "electronic" language. In addition, includes within Florida's provision "investigative" officers such as investigators of the Comptroller's Office, Division of Insurance Fraud, or other state departments having investigative function but not having full law enforcement officer status to intercept wire, oral or electronic communication when the investigative officer is a party to the communication or when one party has given consent and the interception is to obtain evidence of a criminal act. In practice, investigative or law enforcement officers could record conversations, phone calls, electronic communications if a party to the conversation, call, or communication, or when a party is cooperating with an investigation. Such power should not be confused with an intercept ("wiretap" type) order, which may be sought only by full law enforcement officers. [emphasis supplied]
The appellee has constructed an elaborate argument based on the fact that, in 1988, the definition of "investigative or law enforcement officer" contained in section 934.02(6) was not amended to conform to the expansion of section 934.03(2)(c). Assuming that it exists, however, a legislative glitch of this kind cannot appropriately be held to overcome the so-clearly expressed purpose and intent of the controlling statute. See 49 Fla.Jur.2d Statutes §§ 180-81 (1984).
For these reasons, the order under review is reversed and the cause remanded with directions to deny the motion to suppress.
Reversed.
NOTES
[1] Interception and disclosure of wire, oral, or electronic communications prohibited.
* * * * * *
(c) It is lawful under ss. 934.03-934.09 for an investigative or law enforcement officer or a person acting under the direction of an investigative or law enforcement officer to intercept a wire, oral, or electronic communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception and the purpose of such interception is to obtain evidence of a criminal act.
[2] Authorization for interception of wire, oral, or electronic communications. The Governor, the Attorney General, the statewide prosecutor, or any state attorney may authorize an application to a judge of competent jurisdiction for, and such judge may grant in conformity with ss. 934.03-934.09, an order authorizing or approving the interception of wire, oral, or electronic communications by the Department of Law Enforcement or any law enforcement agency as defined in s. 934.02 having responsibility for the investigation of the offense as to which the application is made when such interception may provide or has provided evidence of the commission of the offense of murder, kidnapping, arson, gambling, robbery, burglary, theft, dealing in stolen property, prostitution, criminal usury, bribery, or extortion; any violation of chapter 893; any violation of the provisions of the Florida Anti-Fencing Act; any violation of chapter 895; any violation of chapter 896; any violation of chapter 815; any violation of chapter 847; any violation of s. 827.071; any violation of s. 944.40; or any conspiracy to commit any violation of the laws of this state relating to the crimes specifically enumerated above.