The People of the State of New York, Respondent, 
against
Ross Alexander, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Tamiko A. Amaker, J., at speedy trial motion; Steven M. Statsinger J., at trial), rendered March 27, 2017, after a nonjury trial, convicting him of attempted forcible touching and sexual abuse in the third degree, and imposing sentence.




Per Curiam.
Appeal from judgment of conviction (Tamiko A. Amaker, J., at speedy trial motion; Steven M. Statsinger J., at trial), rendered March 27, 2017, held in abeyance, and the matter remanded for further proceedings on defendant's speedy trial motion. 
The motion court's summary denial of defendant's speedy trial motion was improper. Where a defendant moves to dismiss on CPL 30.30 grounds and includes sworn allegations as to an unexcused delay in excess of the statutory 90-day minimum, the burden shifts to the People to demonstrate that the delay is not properly chargeable to them (see People v Berkowitz, 50 NY2d 333, 349 [1980]). As the People now concede, defendant's motion was facially sufficient, thus triggering his right to a hearing to resolve any factual disputes and to provide the People with an opportunity to meet the allegations (see People v Vidal, 155 AD2d 307, 308 [1989], appeal denied 75 NY2d 872 [1990]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
 
Decision Date: February 13, 2019