OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed. Where, as here, the indictment charges a controlled substance sale to a particular individual but pursuant to the rule recognized in
 
 People v Jackson
 
 (39 NY2d 64) evidence of uncharged sales to others is admitted in order to show the method of operation, the trial court should, when such evidence comes in and again in its charge at the end of the case, caution the jury concerning the limited purpose for which it is being admitted
 
 (People v Marshall,
 
 306 NY 223, 227), and in any event should focus the jury’s attention in the charge upon the fact that defendant can be found guilty on the sale count only if the jury finds that he made or participated in the making of a sale to the person named in the indictment.
 

 While the conduct of the trial was deficient in these respects, defendant neither requested a limiting instruction nor excepted to the charge as given. A charge so deficient as to amount to no charge at all we have set aside even though no exception was taken
 
 (People v Wallens,
 
 297 NY 57, 60, 63). But the charge as given did refer to testimony that the named individual, Moore, was seen with defendants in the same modus operand! and that when Moore was arrested a bag of heroin had been found in his left rear pocket, defendant Williams’ attorney’s summation informed the jury that "count one of the indictment deals with the sale of narcotics to one Ernest Moore on December 7, 1974,” and noted the failure of the prosecution to produce Moore as a witness, the prosecutor’s opening referred to "these two defendants acting together selling heroin to Ernest Moore” and his summation commented on pictures showing Ernest Moore and defendants together, on the glassine envelope recovered from Moore, on Ernest Moore "the buyer of the narcotics” and on defendant’s
 
 *999
 
 negotiations with "buyers such as Ernest Moore.” On the whole record, therefore, the trial was not unfair to defendant.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed in a memorandum.