■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON BEST, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered August 14, 1984, convicting him of criminal posses-

sion of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

It is settled that evidence of uncharged crimes may be admitted when the prior crime is directly probative of the crime charged (see, People v Jackson, 39 NY2d 64). In the case at bar, a police officer was permitted to testify about his observation of a drug sale by the defendant although the defendant was only charged with criminal possession of a controlled substance in the third degree. Such testimony was proper since evidence of the sale was directly probative in establishing an element of the crime charged—the defendant's "intent to sell". In such cases the trial court should caution the jury concerning the limited purpose for which such evidence is being admitted both when the evidence is received and again in its final charge to the jury (see, People v Williams, 50 NY2d 996). In this case, the defendant never requested such limiting instructions before or during trial, and in any event the trial court's final charge to the jury on this matter contained repeated and explicit limiting instructions which should have removed any possible prejudice (see, People v Williams, supra).

Moreover, the trial court's charge on constructive possession was proper and substantially similar to the charge approved of in 1 CJI (NY) 9.70 pp 543-545.

We have reviewed the defendant's other claims and find them to be without merit. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.