(July 16, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. HOUSE, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered May 25, 1983, upon a verdict convicting defendant of the crime of rape in the first degree.

In the early morning hours of January 6, 1982, defendant and two accomplices allegedly drove a woman they had met in an Ithaca bar to a secluded area in Tompkins County where they beat, raped and threatened to kill her. Defendant pur-

portedly told one of his roommates, Carlton Stewart, about his involvement in the crime. Stewart informed the Tompkins County Sheriff's Department about defendant's role. Defendant was subsequently identified at a lineup by the victim as one of her attackers. He was indicted for the crime of rape in the first degree. A jury found him guilty of the charged crime. This appeal followed.

Defendant contends that County Court committed numerous errors in its charge to the jury. Although defendant failed to properly preserve all of the claimed errors for appellate review, we will address those which were not preserved and which merit consideration in the interest of justice (see, CPL 470.15; *People v Allah,* 126 AD2d 778, *lv denied* 69 NY2d 876). Defendant contends that County Court failed to define the concept of reasonable doubt and failed to state that it was the People's burden to identify defendant beyond a reasonable doubt and to disprove defendant's alibi defense beyond a reasonable doubt.

While the definition of reasonable doubt in the charge was not as detailed as the example provided in the Criminal Jury Instructions (1 CJI[NY] 6.20, at 248-250), the essential elements were conveyed to the jury. County Court told the jury that reasonable doubt arises from the nature and quality of the evidence; that they bring to court all of the experience and backgrounds of their lives, and that they should weigh the evidence in light of those everyday experiences; that sympathy and speculation should play no part in the jury's decision; and that it was the duty of each juror, individually, to respect his own judgment and conscience. The court further charged the jurors that "[i]n order for you to find the Defendant guilty you must find that the proof is such as would satisfy your judgment and conscience that the crime charged was committed by the Defendant, and that no other reasonable conclusion is possible". We find that the charge adequately apprised the jurors of the concept of reasonable doubt.

Next, we consider the failure to specifically charge the reasonable doubt standard with regard to identification of defendant and the alibi defense. Defense counsel did not take exception to either of these omissions. Viewing the charge as a whole (see, *Cupp v Naughten,* 414 US 141, 146-147), we believe that the jury fully understood the need to apply the reasonable doubt standard to these elements. The court repeatedly emphasized that it was the People's burden to prove every element beyond a reasonable doubt. At one point, the court stated that "the People * * * have the *entire* burden of proof

in this case. The Defendant has none" (emphasis supplied). Hence, we are unpersuaded that the court's charge constituted reversible error (see, People v Allah, supra).

Defendant further argues that County Court erred in failing to suppress his confession to Stewart. Although there was evidence that Stewart was cooperating with police in some fashion with regard to drug trafficking, we agree with County Court's conclusion that the People proved beyond a reasonable doubt that Stewart was not acting at the direction of or in cooperation with police when defendant's statements were made to him. In a barroom conversation the night of the crime, defendant told Stewart that he planned to take the victim to "Connecticut Hill". Returning to their apartment on the following morning with spots of blood and torn garments, defendant related to Stewart his involvement in the crime. Assuming, arguendo, that Stewart was cooperating with police, defendant's statements were not obtained by means of any promise or in violation of his constitutional rights (see, CPL 60.45 [2] [b]).

The jury's verdict finding defendant guilty of the crime of rape in the first degree is not against the weight of the evidence. Defendant's remaining arguments have been considered and found meritless.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Harvey, JJ., concur.