■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL PARSONS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered February 27, 1985, convicting him of criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the third degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On February 3, 1984, two officers from the Hempstead Village Police Department set up an observation post in a van parked across the street from 77 Terrace Avenue in Hempstead. From approximately 12:00 noon until 4:30 P.M. they observed the defendant, alone and together with one James Hines, the brother of the defendant's girlfriend. Periodically, people would approach the defendant, who would direct them to Hines. An exchange of money and glassine packets would take place between Hines and the person. On several occasions the exchange took place between the person and the defendant directly. On two occasions a backup officer was alerted and the persons were apprehended and arrested and the packets, which it was later determined contained cocaine, were confiscated. All of these transactions were videotaped. The defendant was arrested at 4:30 P.M. and a search of a Jeep parked in the rear of the driveway of 77 Terrace Avenue revealed a large envelope containing 122 packets of cocaine concealed under the hood.

The videotape contained evidence of uncharged criminal activity. However, it is well established that while such evidence is inadmissible if offered only to establish the defen-

dant's criminal propensities, it is admissible if offered for a relevant purpose and is competent to establish motive, intent, absence of mistake or accident, a common scheme or plan, or identity (see, *People v Molineux,* 168 NY 264). In the case at bar, the videotaped evidence of the uncharged prior transactions in close proximately to those charged in the indictment was admissible to prove the defendant's intent to sell or a common scheme or plan, and his acting in concert with James Hines.

The defendant contends that the trial court erred by not cautioning the jury concerning the limited purpose for which this evidence was being admitted (see, *People v Best,* 121 AD2d 457). However, by failing to request such a charge or to take exception to the charge as given, the defendant failed to preserve any issue of law with respect thereto for appellate review (see, CPL 470.05 [2]; *People v Williams,* 50 NY2d 996). In any event, although the trial court should have cautioned the jury, in light of the overwhelming evidence of the defendant's guilt, the error was harmless (see, *People v Crimmins,* 36 NY2d 230). Kunzeman, J. P., Rubin, Spatt and Balletta, JJ., concur.