■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered May 23, 1985, convicting him of robbery in the first degree (two counts) and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that he was denied the effective assistance of counsel. While the defendant's trial counsel may have employed some strategy which ultimately proved unsuccessful, "[i]t is now a firmly established rule of New York law that a claim of ineffective assistance of counsel may not be premised solely upon trial counsel's unsuccessful employment of a trial strategy" *(People v Sullivan,* 153 AD2d 223, 227; *see, People v Baldi,* 54 NY2d 137). Moreover, viewing counsel's over-all performance in light of the strength of the prosecution's case and the applicable law, we conclude that the defendant was afforded meaningful representation at trial *(see, People v Rivera,* 71 NY2d 705; *People v Benn,* 68 NY2d 941).

Similarly unavailing is the defendant's contention that the trial court erred in denying his request for an adjournment so that he could procure the testimony of a witness. The record demonstrates that, while the possible production of the witness was discussed during the proceedings, the defendant

made no application for an adjournment to produce the witness. Accordingly, his present claim is baseless.

The defendant's further contention that he was improperly adjudicated a persistent violent felony offender is likewise without merit. While the commission of the predicate offenses by the defendant predated the enactment of the persistent violent felony offender statute (see, Penal Law § 70.08), it is clear that these prior crimes could be used by the court in determining the defendant's status as a persistent violent felon (see, People v Morse, 62 NY2d 205).

The defendant's remaining contentions are largely unpreserved for appellate review. In any event, they are without merit. Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.