■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GLOVER, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Appelman, J.), both rendered June 21, 1988, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under indictment No. 7088/87, upon a jury verdict, and criminal possession of a controlled substance in the third degree under indictment No. 7649/87, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that his conviction under indictment No. 7088/87 should be reversed because he was denied the effective assistance of counsel. At the trial, an undercover police officer testified that the defendant sold him crack cocaine. The defense counsel pursued a strategy in which he attempted to convince the jury that the defendant was at the premises to buy cocaine for his personal use and was mistakenly identified as the seller by the undercover officer. In considering the defendant's claim of ineffective assistance of counsel, the court should not second-guess whether this was the best trial strategy (see, People v Satterfield, 66 NY2d 796; People v Sullivan, 153 AD2d 223; People v Williams, 162 AD2d 569) even though that strategy included conceding his guilt of the lesser included offense of criminal possession of a controlled substance in the seventh degree (see, People v Sullivan, supra). Upon a review of the defense counsel's performance in

its entirety, with due regard to the particular circumstances of the case, we find that the defendant was provided with meaningful representation (see, People v Rivera, 71 NY2d 705; People v Baldi, 54 NY2d 137; People v Vanterpool, 143 AD2d 282).

The evidence of uncharged drug sales by the defendant immediately prior to his arrest and of the cash found on his person was admissible since he was charged with possession of cocaine with the intent to sell it (see, People v Alvino, 71 NY2d 233; People v Parsons, 150 AD2d 614; People v Wells, 144 AD2d 400). Although the court should have instructed the jury on the limited purpose of such evidence, the failure to do so was harmless error in view of the overwhelming evidence of the defendant's guilt (see, People v Parsons, supra). Bracken, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.