■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIONICIO GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered October 26, 1988, convicting him of criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Here, the police officer testified that he saw the defendant give a small white packet, which he recognized to be drugs, in exchange for money. Thus, the officer was an eyewitness to the sale and the cocaine subsequently recovered from the defendant was seized.

"The law of this State is well settled that a defendant is not entitled, as a matter of right, to have the question of his capacity to stand trial passed upon before the commencement of the trial, if the court is satisfied from the available information that there is no proper basis for questioning the defendant's sanity" (People v Armlin, 37 NY2d 167, 171). Here, the

trial court had an opportunity to observe the defendant throughout the *Mapp* hearing and asked him a number of questions regarding his request for a new attorney. The court found that the defendant was feigning a lack of understanding and was making his request for a competency evaluation as a dilatory tactic. Absent sufficient evidence to the contrary, we decline to disturb the trial court's determination *(see, People v Bancroft,* 110 AD2d 773).

The defendant's contention that it was error to allow the arresting officer to testify that he saw the defendant sell drugs at 9:00 P.M., since this constituted evidence of an uncharged crime, is unpersuasive. Evidence of the 9:00 P.M. sale was directly probative of the defendant's intent to sell a controlled substance *(see, People v Jackson,* 39 NY2d 64; *see also, People v Parsons,* 150 AD2d 614). Moreover, the trial court issued a proper limiting instruction *(see, People v Best,* 121 AD2d 457).

The defendant contends that the failure to preserve the black tape with which the drugs were wrapped and the bag of charcoal in which they were found constituted a violation of the rule of *Brady v Maryland* (373 US 83) since they constituted exculpatory materials. Given the overwhelming evidence of the defendant's guilt, we find that there is no "reasonable possibility" that preservation of those items would have altered the outcome of the trial *(see, People v Vilardi,* 76 NY2d 67, 72). Under the circumstances, the defendant received a fair trial and was not denied due process of law by the nonproduction of these items *(see, People v Astwood,* 113 AD2d 946).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.