■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS TAVARES, Appellant.—Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered June 6, 1990, which convicted defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree and sentenced him, as a predicate felon, to an indeterminate prison term of from 2-½ to 5 years, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Officers Mullen and Healey, while on patrol, observed defendant on April 2, 1989, between 7:30 and 9:00 P.M., accept money from different individuals, go into a nearby building, and return to give the individuals tinfoil packages. On one occasion, after defendant had entered the building, the police officers approached the corner where defendant had been standing. While the officers approached from across the street, defendant came out of the building with a tinfoil packet between his knuckles and approached an unidentified individual. As the officers got closer, the individual fled and defendant dropped the tinfoil packet. The packet was recovered by the officers and it contained white powder, cocaine. Defendant was arrested and at the precinct he was searched and $772 was recovered from him.

At a suppression hearing, the Supreme Court determined that the tinfoil packet was voluntarily discarded and that the money recovered was pursuant to a lawful arrest. While defendant questions the veracity of Officer Mullen's testimony, there is no reason to doubt the hearing court's determination as to the credibility of such testimony. *(See, People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734.)

Defendant also maintains that the fact that $772 was recovered from him should not have been admitted into evidence. However, as defendant was charged with criminal possession of a controlled substance in the third degree, the People had to prove that defendant possessed the cocaine with intent to sell. Accordingly, the fact that defendant possessed $772 when he was arrested was duly relevant and properly admitted. *(See, People v Milom,* 75 AD2d 68, 72.)

Defendant also challenges several of the prosecutor's comments made in his summation. However, a review of the comments, in context, reveals that they were fairly made in response to the defense's posture in summation *(People v Marks,* 6 NY2d 67, 77, *cert denied* 362 US 912) and did not exceed the permissible "bounds of rhetorical comment". *(People v Galloway,* 54 NY2d 396, 399.)

While defendant asserts that the lesser included offense of criminal possession in the seventh degree should have been charged, there is no reasonable view of the evidence which would permit the jury to conclude that defendant was guilty of criminal possession in the seventh degree, but not in the fifth degree. *(See,* CPL 300.50 [2]; *People v Glover,* 57 NY2d 61, 63.) Concur—Murphy, P. J., Carro, Ellerin and Asch, JJ.