■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MICHAEL CLARKE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered October 23, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As an undercover police officer waited her turn to purchase two vials of crack cocaine from a basement apartment, she overheard the defendant, who had let her through an outer door into the vestibule of the apartment, conversing with a disgruntled individual who had just made a purchase. During the argument, the undercover officer overheard the defendant say to the customer, "I am just working the door". This purported evidence of uncharged drug sales was properly admitted over the defendant's objection, both to prove that he acted in concert with the unapprehended individual who actually carried out the transaction from behind the barricaded door, and as essential in explaining the defendant's presence and actions at the scene *(see, People v Carter,* 77 NY2d 95, 107, *cert denied* — US —, 111 S Ct 1599; *People v Crandall,* 67 NY2d 111, 114, 116; *People v Ventimiglia,* 52 NY2d 350, 361; *People v Parsons,* 150 AD2d 614). The probative value of this evidence clearly outweighed any possible prejudice to the defendant *(see, People v Alvino,* 71 NY2d 233, 242; *People v Vails,* 43 NY2d 364, 369).

The defendant's contention that the trial court erred by not cautioning the jury concerning the limited purpose for which this evidence was being admitted *(see, People v Best,* 121 AD2d 457) has not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Williams,* 50 NY2d 996), and we decline to reach it in the exercise of our interest of justice jurisdiction.

We have examined the defendant's remaining contention and find it to be unpreserved for appellate review. Sullivan, J. P., Harwood, Balletta and Eiber, JJ., concur.