■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WALTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Scarpino, J.), rendered April 6, 1989, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's assertion that the police lacked probable cause to arrest him, we find that his furtive behavior

and the presence of a "hallmark" of a drug exchange, namely a bag of small, clear plastic vials containing a white substance, were sufficient to give the officers probable cause to arrest *(see, People v McRay,* 51 NY2d 594, 604-605; *People v Goggans,* 155 AD2d 689, 690).

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's intent to sell the controlled substance found in his possession. The defendant was observed on two occasions being approached by individuals with cash in their outstretched hands, who walked away when alerted to the police presence, and he was in possession of 86 vials of crack-cocaine and $701 in cash at the time of his arrest *(see, People v Tavares,* 174 AD2d 493; *People v Fuller,* 168 AD2d 972, 974). Moreover, upon exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Thompson, J. P., Lawrence, Copertino and Santucci, JJ., concur.