■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY STYLES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered April 23, 1991, convicting him of criminal sale of a

controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant initially contends that the trial court improperly admitted testimony with regard to his possession of $100 in cash at the time of his arrest. We disagree. The crime of criminal possession of a controlled substance in the third degree, under Penal Law § 220.16 (1), with which the defendant was charged, requires proof that he possessed a narcotic drug with an intent to sell it. Therefore, the testimony with respect to the recovery of the money from the defendant upon his arrest was properly admitted as relevant to that crime (see, People v Summers, 176 AD2d 905, 906; People v Glover, 165 AD2d 880, 881; People v Calada, 154 AD2d 700, 701; People v Jones, 138 AD2d 405; see also, People v Milom, 75 AD2d 68, 72).

Similarly, we find no error in the prosecutor's summation remarks with respect to the defendant's possession of the money upon his arrest. Since the defendant's possible intent to sell drugs was a key element of one of the crimes charged, the prosecutor was entitled to call upon the jury to draw a conclusion which was fairly inferable from the relevant evidence adduced at trial (see, People v Ashwal, 39 NY2d 105, 110; see also, People v Wells, 159 AD2d 799, 801). Moreover, the challenged remarks were fairly made in response to the defense counsel's posture in summation (see, People v Tavares, 174 AD2d 493, 494).

Finally, the defendant's contention that the trial court erred by not cautioning the jury concerning the limited purpose for which this evidence was being admitted (see, People v Best, 121 AD2d 457) has not been preserved for appellate review (see, CPL 470.05 [2]; People v Williams, 50 NY2d 996; People v Clarke, 184 AD2d 650). In any event, any error in this respect was rendered harmless in light of the strong evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230, 242). Sullivan, J. P., Lawrence, Miller and O'Brien, JJ., concur.