■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY COPES, Appellant. [606 NYS2d 751] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered December 12, 1990, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the third

degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the People failed to give him notice pursuant to CPL 710.30 of statements he allegedly made. We disagree. The defendant's statements to the confidential informant were both spontaneous in nature and part of the res gestae, and therefore no notice was required *(see, People v Stewart,* 160 AD2d 966; *People v Wells,* 133 AD2d 385; *People v McFadden,* 126 AD2d 970; *People v Early,* 85 AD2d 752).

The defendant's claim that it was reversible error to admit into evidence testimony that he attempted to sell drugs to the confidential informant several hours before his commission of the offenses for which he was indicted is without merit. The admission of the uncharged attempted drug sale was proper to prove that the defendant intended to sell the cocaine retrieved at the time of his arrest *(see, People v Alvino,* 71 NY2d 233; *People v De Jesus,* 189 AD2d 774; *People v Silva,* 187 AD2d 467; *People v Gonzalez,* 168 AD2d 568; *People v Hill,* 166 AD2d 663). Additionally, the uncharged crime evidence served to complete the witness's narrative of the events leading up to the defendant's commission of the charged offenses *(see, People v Ventimiglia,* 52 NY2d 350; *People v Nelson,* 177 AD2d 603; *People v Green,* 170 AD2d 530; *People v Ortiz,* 134 AD2d 624).

The defendant's sentence is not unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Mangano, P. J., Balletta, Santucci and Hart, JJ., concur.