■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN MATTHEWS, Appellant. [634 NYS2d 235] —Yesawich Jr., J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered January 7, 1994, upon a verdict convicting defendant of three counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant was accused of three separate transactions during August 1993 involving the sale of cocaine to an undercover police officer. At trial, defendant invoked an agency defense. To negate this defense, the prosecution was permitted to introduce evidence of negotiations concerning a failed drug transaction which occurred earlier in August 1993 as well as a certificate of conviction involving a previous sale of a controlled substance (*see, People v Castaneda*, 173 AD2d 349, 350, *lv denied* 78 NY2d 963).

Defendant's contention that County Court erred in failing to give a cautionary instruction concerning the limited purpose

for which the evidence of the failed transaction was admitted has not been preserved for review, for defendant neither requested such instruction nor objected to the lack thereof (*see,* CPL 470.05 [2]; *People v Williams,* 50 NY2d 996, 998; *People v Parsons,* 150 AD2d 614, 615, *lv denied* 74 NY2d 850; *People v Amazon,* 52 AD2d 1012, 1013). Moreover, although County Court should have cautioned the jury (*see, People v Best,* 121 AD2d 457, 458, *lv denied* 68 NY2d 809), the failure to do so was harmless, for the evidence in question was in no way damaging, but was entirely consistent with, and in fact provided additional support for, defendant's agency theory.

Defendant also complains that the charge to the jury limiting the jury's consideration of his prior drug sale conviction was inadequate. By instructing the jury that it could consider the conviction insofar as it tended to disprove the agency defense, and for no other purpose, County Court properly limited and minimized the prejudicial impact that the admission of this evidence might have had (*see, People v Allweiss,* 48 NY2d 40, 49).

Nor is reversal warranted, as defendant urges, because of the language used to apprise the jury of the meaning of the phrase "beyond a reasonable doubt". No particular wording is mandated when explaining this concept. Here, the charge as a whole, including the use of the phrase "firmly convinced", correctly and unequivocally established the proper standard of proof and conveyed the concept of reasonable doubt to the jury (*see, Victor v Nebraska,* 511 US —, —, 114 S Ct 1239, 1251; *People v Gutkaiss,* 206 AD2d 628, 631-632, *lv denied* 84 NY2d 936; *People v House,* 132 AD2d 807, 808).

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the judgment is affirmed.