OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the motion to suppress denied.
The record in this case permits only the following inferences to be drawn from the unrefuted, unchallenged and fully credited testimony of the sole witness at the suppression hearing: that the officers who initially stopped defendant were part of the arresting detective’s "buy and bust” team and heard the reports transmitted by their fellow officers over the radio (see, People v Mims [decided under the lead heading of People v Ramirez], 88 NY2d 99, 113-114); that the officers who initially stopped defendant at least had reasonable suspicion to detain defendant for a confirmatory identification; and that the detective who ultimately arrested defendant, and who searched defendant only after a confirmatory identification, had probable cause to make the arrest.
In light of this disposition, we need not reach the People’s remaining argument.
Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order re *911 versed and defendant’s motion to suppress denied in a memorandum.