■ In the Matter of JAMEL M., a Person Alleged to be a Juvenile Delinquent, Appellant. [672 NYS2d 24] —Order of disposition, Family Court, Bronx County (Bruce Kaplan, J.), entered on or about December 11, 1996, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed an act which, if committed by an adult, would constitute the crime of resisting arrest, and placed him with the Division for Youth, in a limited secure facility for a period of 1 year, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence that appellant resisted an authorized arrest. Appellant's arrest for riot in the second degree was supported by probable cause since the arresting officer reasonably believed, based upon a radio transmission from a fellow officer, that appellant had engaged in violent and tumultuous conduct with a crowd of more than 15 people which hurled obscenities and then threw bottles at the undercover officer and his partner while exposing them as police officers. For purposes of probable cause (*see, People v Bigelow*, 66 NY2d 417, 422), there was sufficient indication that appellant, while in a small group, was acting in concert with the larger group. The court properly applied the fellow officer rule, since the only reasonable inference that can be drawn from the record is that the undercover officer radioed the information in question to the arresting officer (*People v Gonzalez*, 91 NY2d 909). Concur—Sullivan, J. P., Milonas, Williams, Mazzarelli and Saxe, JJ.