■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD JACKSON, Appellant. [697 NYS2d 255] —Judgment, Supreme Court, New York County (Bonnie Wittner, J., at waiver of right to counsel and suppression hearing; James Yates, J., at nonjury trial and sentence), rendered October 16, 1995, convicting defendant of burglary in the first degree and two counts of attempted assault in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 12½ to 25 years on the burglary conviction and 2 to 4 years on each of the attempted assault convictions, unanimously affirmed.

Defendant was properly permitted to exercise his right to self-representation. The validity of defendant's waiver of counsel was not undermined by the hearing court's subsequent

direction that defendant undergo a CPL 730.30 examination, since the record does not support defendant's contention that such waiver was made at a time that the court had reservations about his competency to stand trial. In any event, the examination resulted in a finding of competency, confirmed on consent, and such adjudication resolved any question of mental competency with respect to self-representation (*People v Schoolfield*, 196 AD2d 111, 116-117, *lv denied* 83 NY2d 915; *see also, People v McIntyre*, 36 NY2d 10). Moreover, the trial court ascertained, following the examination and prior to trial, that defendant wished to continue to represent himself. We further find that the totality of the record establishes that defendant was clearly informed of, and understood, the limited role to be played by standby counsel.

Defendant's suppression motion was properly denied. Defendant's claim that the testimony adduced at the hearing was insufficient to establish reasonable suspicion for his initial stop and detention absent testimony from the officers who conducted the stop is unpreserved due to lack of specific objection and we decline to review it in the interest of justice. Were we to review this claim, we would find that evidence established that such reasonable suspicion existed (*People v Gonzalez*, 91 NY2d 909; *People v Mims*, 88 NY2d 99, 113-114).

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Sullivan, J. P., Nardelli, Tom, Mazzarelli and Friedman, JJ.