■ The People of the State of New York, Respondent, v Carl Carlson, Appellant. [717 NYS2d 57] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered July 29, 1997, convicting defendant, after a jury trial, of burglary in the second degree and attempted burglary in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 12 years and 4 to 8 years, respectively, unanimously modified, on the law, to the extent of reducing the sentence on the attempted burglary conviction to $3\frac{1}{2}$ to 7 years, and otherwise affirmed.

Defendant's motion to suppress evidence as fruit of an unlawful vehicle stop was properly denied. The police had information that three burglaries had been committed in the same neighborhood within approximately one month, and the descriptions of the perpetrators was sufficiently similar to warrant a reasonable suspicion that the same person committed all three. Immediately after, and in close proximity to, the third incident, the police spotted defendant, whose physical appearance, including an article of clothing worn in the first and third incidents, was substantially similar to the composite de-

scription of the perpetrator. Moreover, defendant was driving a car that was substantially similar to the car used in the first incident. The totality of these circumstances provided the reasonable suspicion necessary to justify the officers' stop of defendant's car (*see, People v Hicks*, 68 NY2d 234, 238), whereupon ensuing events led to his valid arrest for driving with a suspended license.

Since, at the suppression hearing, defendant attacked the alleged suggestiveness of his lineup identifications on different grounds from those raised on appeal, his present contentions are unpreserved (*People v Tutt*, 38 NY2d 1011), and we decline to review them in the interest of justice. Were we to review these claims, we would find, from a review of the lineup photograph, that defendant was not singled out for identification based on purported differences in the weight of the participants. We would also find no evidence to support defendant's speculative assertion that the complainants may have violated the officer's instructions not to discuss the case while waiting to view the lineups.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification and credibility.

As the People concede, the sentence imposed on the attempted burglary count must be modified since the maximum term permitted by statute at the time the offense was committed in 1994 for a second felony offender was 3½ to 7 years. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Andrias, JJ.