■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER KING, Appellant. [726 NYS2d 887] —Judgment unanimously affirmed. Memorandum: Defendant contends that the People should have been precluded from using a statement made by defendant to a correction officer based on their failure to file a CPL 710.30 notice with respect to that statement. Defendant was convicted of aggravated harassment of an employee by an inmate (Penal Law § 240.32) for having thrown urine and feces at the correction officer, and the statement was made by defendant to the correction officer immediately after that act. We agree with County Court that a CPL 710.30 notice was not required under these circumstances because the statement was made both spontaneously and as part of the criminal act (see, People v Turner, 233 AD2d 932, 934, lv denied 89 NY2d 1102; People v McCaskell, 217 AD2d 527, 528, lv denied 87 NY2d 848; People v Copes, 200 AD2d 680, 681, lv denied 85 NY2d 861). In any event, any error regarding the People's failure to provide proper notice and the court's failure to preclude the People from using the statement is harmless (see, People v Evans, 256 AD2d 520, lv denied 93 NY2d 970; People v Taylor, 155 AD2d 630, lv denied 76 NY2d 743). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Wyoming County Court, Griffith, J.—Aggravated Harassment of Employee by Inmate.) Present—Green, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.