■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMON FERNANDEZ, Appellant. [731 NYS2d 175] —Judgment, Supreme Court, New York County (George Daniels, J.), rendered June 22, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The People's sole witness at the hearing testified that he and another officer proceeded to the sale location in response to transmissions from an undercover officer indicating a positive buy and providing the description of the sellers. The testifying officer chased after the codefendant who fled upon seeing the police and apprehended him within a minute. There was also

testimony that the other officer approached defendant, who did not flee, in order to apprehend him. In these circumstances, the only reasonable inference to be drawn from the evidence is that the nontestifying officer was, in fact, the arresting officer (*see, People v Gonzalez*, 91 NY2d 909; *People v Sabeno*, 223 AD2d 512, *lv denied* 88 NY2d 884).

Defendant's complaint about the court's interested witness charge is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the challenged portion of the charge appears to be inaccurately recorded by the court reporter. In any event, even assuming the accuracy of the record, the court's charge as a whole conveyed the appropriate standards (*see, People v Fields*, 87 NY2d 821). Furthermore, any error was harmless in light of the overwhelming evidence of defendant's guilt. Concur— Wallach, J. P., Rubin, Buckley, Friedman and Marlow, JJ.