■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO DAVILA, Appellant. [741 NYS2d 504] —Judgment,

---

Supreme Court, New York County (Charles Solomon, J.), rendered March 7, 1997, convicting defendant, after a jury trial, of two counts each of robbery in the first degree, robbery in the second degree and grand larceny in the third degree, and sentencing him to an aggregate term of 12½ to 25 years, and judgment, same court and Justice, rendered August 19, 1997, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him to a concurrent term of 3 to 6 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Defendant's claim that the automobile stop was not supported by reasonable suspicion is unpreserved (*People v Jackson*, 265 AD2d 232, *lv denied* 94 NY2d 949), and we decline to review it in the interests of justice. Were we to review this claim, we would find that reasonable suspicion was provided by the lengthy chain of events leading up to the stop. Following a series of robberies of United Parcel Service (UPS) trucks making deliveries of jewelry in midtown Manhattan by a group consisting of two African-American and two or three Hispanic men, there was a joint investigation by UPS investigators and the Police Department. During the course of this investigation, the Hispanic occupants of a brown Chevrolet, who matched the descriptions of persons linked to the previous robberies, were observed speaking on one occasion with the occupants of a Honda whose occupants, in turn, had been seen casing various UPS trucks on numerous occasions, including days on which robberies had occurred. Upon learning that the registered owners of both vehicles lived a block away from each other in the Bronx, the police went to the location and maintained surveillance of the unoccupied Chevrolet. When four Hispanic men, some of whom fit the descriptions of the robbers, entered the Chevrolet and drove away from the scene, the police pulled them over. We conclude that there was an abundance of evidence connecting this car and its occupants with the pattern of robberies, thus providing reasonable suspicion to stop the car (*see, People v Carlson*, 277 AD2d 158, *lv denied* 96 NY2d 733), notwithstanding that neither vehicle had been observed at the scene of any specific robbery at the time it occurred.

Once the officers observed defendant's striking resemblance to a sketch of one of the suspects, there was ample probable cause to arrest him at the scene, given the wealth of information already in the officers' possession (*People v Randall*, 198 AD2d 162, *lv denied* 83 NY2d 809; *see also, Brinegar v United States*, 338 US 160). In any event, the police did not arrest defendant at the scene. Instead, at the request of the police, who

claimed to be investigating a fight, defendant and his companions voluntarily drove to the precinct in their own car. At the precinct, defendant was not handcuffed or given any other reason to believe he was not free to leave. Under the circumstances, a reasonable and innocent person in defendant's situation would not have considered himself to be in custody (*see, People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851). Defendant was not arrested until one of the other men made statements implicating defendant in some of the robberies. Accordingly, there was no basis for suppression of defendant's subsequent statements and his identifications at lineups.

We perceive no basis for a reduction of sentence. Concur—Mazzarelli, J.P., Andrias, Wallach, Rubin and Marlow, JJ.