■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GARCIA-LOPEZ, Appellant. [764 NYS2d 264] —Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J., at jury trial and sentence), rendered March 8, 2001, convicting defendant of assault in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 16 years to life, unanimously affirmed.

The motion and trial courts properly denied defendant's motions, made on the ground of failure to provide notice pursuant to CPL 710.30 (1) (a), for preclusion of a statement made by defendant in the course of an unrelated drug transaction. During this transaction, defendant volunteered, to an undercover officer having no knowledge of the instant assault case, that he had shot a girl on Valentine Avenue. Although this admission was a statement of fact, it was made in the course of the commission of a crime and there was "no question of voluntariness" (*People v Rodney,* 85 NY2d 289, 293 [1995]) requiring CPL 710.30 (1) (a) notice or a suppression hearing (*see e.g. People v King,* 284 AD2d 995 [2001]; *People v Copes,* 200 AD2d 680 [1994], *lv denied* 85 NY2d 861 [1995]; *People v Clark,* 198 AD2d 46 [1993], *lv denied* 83 NY2d 870 [1994]; *compare People v Chase,* 85 NY2d 493, 499-500 [1995] [postcrime, custodial statement claimed by prosecution to be spontaneous not exempt from notice requirement]).

The hearing court properly denied defendant's motion to suppress the victim's identification of him as fruit of an unlawful arrest. Defendant concedes that there was probable cause to arrest a person bearing defendant's name and known as "Little" by both the assault victim and by narcotics officers conducting a long-term investigation, but argues that there was no evidence that the police believed defendant to be that person at the time of his arrest. However, the circumstances of

the arrest, including police contact with and surveillance of defendant in connection with the drug investigation, lead to an inescapable inference that both the narcotics officers and the arresting detective knew that defendant was the person being sought (*see People v Gonzalez,* 91 NY2d 909 [1998]).

The hearing court properly exercised its discretion in imposing reasonable limits on the cross-examination of the arresting officer (*see People v Perciballi,* 291 AD2d 360, 361 [2002], *lv denied* 98 NY2d 654 [2002]). There was no impairment of defendant's ability to litigate the material issues.

The procedure under which defendant was sentenced as a persistent violent felony offender was not unconstitutional (*compare Almendarez-Torres v United States,* 523 US 224 [1998], *with Apprendi v New Jersey,* 530 US 466 [2000]).

We have considered and rejected defendant's remaining claims. Concur—Ellerin, J.P., Williams, Lerner, Friedman and Gonzalez, JJ.