■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN AMOUS, Appellant. [765 NYS2d 530] —Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered February 8, 2002, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the trial court erred in denying his request that the confidential informant be produced, or, in the alternative, that testimony about the informant be precluded. Since the drugs and money found on the defendant by the undercover officer constituted legally sufficient evidence to establish both possession and intent (*see People v Alvino,* 71 NY2d 233, 245 [1987]; *People v Van Buren,* 213 AD2d 504 [1995]; *People v Calada,* 154 AD2d 700, 70 [1989]; *People v Styles,* 188 AD2d 568 [1992]), and there is no evidence that the informant was present at the arrest, the defendant "failed to demonstrate* * * that the confidential informant would have provided material and relevant testimony tending to exculpate the defendant" (*People v Perkins,* 227 AD2d 572, 574 [1996]; *see People v McAvoy,* 142 AD2d 605, 606 [1988]). Santucci, J.P., S. Miller, McGinity and Schmidt, JJ., concur.