■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD WIGFALL, Defendant-Appellant. [767 NYS2d 617]—Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered November 9, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 7 to 14 years, unanimously affirmed.

The court properly denied defendant's suppression motion. Defendant's present claim that there was a lack of evidence regarding the circumstances surrounding his initial detention is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the reasonable inferences to be drawn from the evidence adduced at the hearing established the legality of defendant's arrest (*see People v Gonzalez*, 91 NY2d 909 [1998]; *People v Sabeno*, 223 AD2d 512 [1996], *lv denied* 88 NY2d 884 [1996]).

Defendant has failed to preserve his contentions regarding the prosecutor's summation, and we decline to review them in the interest of justice. Were we to review these claims, we would reject them (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Tom, J.P., Andrias, Saxe and Ellerin, JJ.