■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY EVANS JR., Appellant. [793 NYS2d 278]—

---

Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered March 30, 2001, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts).

On two occasions, a paid confidential informant purchased $40 worth of crack cocaine from defendant. Both times, the informant wore a transmitter which allowed the police to tape-record the transactions. On this appeal, only two issues merit extended discussion. The first is defendant's pro se claim that the tapes should have been suppressed because the People failed to give notice pursuant to CPL 710.30 that they intended to use them as evidence at trial. "Analysis begins by restating that CPL 710.30 is a notice statute intended to facilitate a defendant's opportunity to challenge before trial the voluntariness of statements made by him, and the reliability of his identification by others" (*People v Lopez*, 84 NY2d 425, 428 [1994] [citations omitted]). As this paid informant was an agent of the police (*see People v Mirenda*, 23 NY2d 439, 448-449 [1969]) and because lack of prejudice to defendant and the voluntary disclosure of the tapes in response to a pretrial omnibus motion are both irrelevant (*see People v Lopez, supra* at 428), the issue distills to whether, under the circumstances of this case, the notice was required to be given. We hold that it was not. These tapes are of the actual criminal transactions in which defendant was a willing participant (*see People v Garcia-Lopez*, 308 AD2d 366, 366 [2003], *lv denied* 1 NY3d 572 [2003], *cert denied* 541 US 1078 [2004]; *People v Turner*, 233 AD2d 932, 934 [1996], *lv denied* 89 NY2d 1102 [1997]; *People v McCaskell*, 217 AD2d 527, 528 [1995], *lv denied* 87 NY2d 848 [1995]; *People v Copes*, 200 AD2d 680, 681 [1994], *lv denied* 85 NY2d 861 [1995]) so there can be no question that the statements made by defendant were involuntary within the meaning of CPL 60.45 (2) (*see People v Rodney*, 85 NY2d 289, 293 [1995]). Furthermore, the notice was not required on the issue of the identification of defendant. The confidential informant identified defendant based on her prior experiences with him. No other confirmatory identification procedure—such as a line up, show up or photographs—was used (*see People v White*, 73 NY2d 468, 474 [1989], *cert denied* 493 US 859 [1989]).

The second issue is raised by defense counsel's argument that

defendant was prohibited from testifying because of County Court's erroneous *Sandoval* rulings. We disagree and find that the court struck an appropriate compromise by limiting the People to inquiring as to whether defendant had been convicted of a felony or a misdemeanor, but not permitting exploration of the facts underlying such convictions. County Court imposed similar restrictions on the People with respect to defendant's parole violations. Additionally, we find no error in the court allowing the People to inquire into the underlying facts of defendant's youthful offender adjudication (*see e.g. People v Harris*, 304 AD2d 848, 849 [2003], *lv denied* 100 NY2d 582 [2003]). County Court appropriately exercised its discretion in balancing the probative value of this evidence against the risk of unfair prejudice to defendant (*see People v Clarke [Bo]*, 5 AD3d 807, 809 [2004], *lvs denied* 2 NY3d 796, 797 [2004]).

By applying principles that we have repeatedly enunciated, we find no merit to the remainder of defendant's appellate claims, including that the verdict is not supported by sufficient evidence or is against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]), that he received the ineffective assistance of counsel (*see People v Baldi*, 54 NY2d 137 [1981]) and that his sentence is harsh and excessive (*see People v Johnson*, 307 AD2d 384, 385 [2003], *lv denied* 1 NY3d 574 [2003]).

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.