■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DINGLE, Appellant. [818 NYS2d 2]—

Judgment, Supreme Court, Bronx County (Troy K. Webber, J., at hearing; Robert H. Straus, J., at jury trial and sentence), rendered May 28, 2003, convicting defendant of murder in the second degree, and sentencing him, as a second felony offender, to a term of 22 years to life, unanimously modified, on the law, to reduce defendant's conviction for murder in the second degree to manslaughter in the second degree, and remand for resentencing.

Defendant challenges the sufficiency of the evidence supporting his conviction of depraved indifference murder on the ground that the evidence established, instead, an intentional crime. We reject the People's excessively stringent interpretation of preservation and reach the merits of this defense claim. Upon review, we find meritless defendant's contention that the evidence adduced at trial supports a finding of intent, not depraved indifference. But even were the evidence legally sufficient to establish intent, defendant's conviction for murder in the second degree could not stand, not because it may have arguably been an intent crime as defendant urges, but, rather, because the proof was legally insufficient to establish the element of depraved indifference (*see People v Suarez*, 6 NY3d 202,

208-215 [2005]; *People v Payne*, 3 NY3d 266, 270-272 [2004]). Furthermore, once the jury convicted defendant of recklessness under the depraved indifference count, it, of necessity, acquitted him of any intentional behavior (*see People v Gonzalez*, 1 NY3d 464, 468 [2004]). In short, we find the evidence entirely sufficient to support the lesser included offense of manslaughter in the second degree.

There were no third-party eyewitnesses to the homicide, and the physical evidence did not conclusively establish any particular mens rea. The only eyewitness account of the events at issue came from defendant's statement to the police, in which he repeatedly denied having any intent to hurt the victim, and admitted to being drunk and under the influence of cocaine when he inflicted numerous wounds on the victim, his roommate, during their drunken brawl. Notably, defendant made comments such as "I never tried to attempt to hurt nobody" and "I didn't mean to do it, to hurt no one." Further, he repeatedly stated that everything went "blank" and "crazy."

Accordingly, the evidence was legally sufficient and clearly supported a finding that defendant acted recklessly regarding the victim, as the jury so found, but the evidence failed to establish depraved indifference (*see People v Magliato*, 110 AD2d 266 [1985], *affd on other grounds* 68 NY2d 24 [1986]). Under these circumstances "we are authorized . . . to modify the judgment to reduce it to one of conviction for the lesser included offense" (*id.* at 270-271; CPL 470.15 [2] [a]; *see also People v Thacker*, 166 AD2d 102 [1991], *lv denied* 79 NY2d 865 [1992]). As between the lesser included offenses of manslaughter in the first and second degrees, the proper lesser included crime is the latter, where, as here, the jury's verdict included a finding of recklessness—and therefore not intent—because "a person cannot act both intentionally and recklessly with respect to the same result" (*Gonzalez*, 1 NY3d at 468).

The court properly declined to submit to the jury the defense of justification, since there was no reasonable view of the evidence, viewed most favorably to defendant, that would support such a charge (*see People v Del-Debbio*, 244 AD2d 195 [1997], *lv denied* 91 NY2d 925 [1998]). Further, the court properly denied defendant's suppression motion. The testimony of the lead homicide detective established the existence of probable cause for defendant's arrest. The inference is inescapable that the nontestifying homicide detective who arrested defendant and immediately brought him to the testifying detective for questioning acted on the testifying detective's information (*see People v Gonzalez*, 91 NY2d 909 [1998]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

In light of our modification of the judgment of conviction of murder in the second degree to manslaughter in the second degree, we remand for resentencing (CPL 470.20 [4]; *People v Betts*, 232 AD2d 258 [1996]). Concur—Saxe, J.P., Marlow, Nardelli, Gonzalez and Sweeny, JJ.