People v McUllin (2022 NY Slip Op 00382)





People v McUllin


2022 NY Slip Op 00382


Decided on January 25, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2022

Before: Renwick, J.P., Manzanet-Daniels, Friedman, Pitt, JJ. 


Ind. No. 4964/11 Appeal No. 3517 Case No. 2013-01586 

[*1]The People of the State of New York, Respondent,
v
Devontae McUllin, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Arthur H. Hopkirk of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David M. Cohn of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered January 22, 2013, convicting defendant, upon his plea of guilty, of burglary in the first degree (two counts) and attempted rape in the first degree, and sentencing him to concurrent prison terms of 13 years, unanimously affirmed.
This Court previously held defendant's appeal in abeyance and remitted for a Mapp/Dunaway hearing to determine whether defendant was arrested without probable cause and if so, what evidence, if any, should be suppressed as the fruit of an unlawful arrest (152 AD3d 461 [1st Dept 2017]). Upon remittal, the court held a Mapp/Dunaway hearing and concluded there was probable cause to arrest defendant. We find that the record supports the court's determination. The hearing evidence, along with reasonable inferences to be drawn therefrom, satisfied the People's burden of coming forward to show the legality of the police conduct, and defendant did not meet his ultimate burden of proving its illegality (see People v Berrios, 28 NY2d 361, 367 [1971]).
Defendant does not dispute that a detective who was the sole witness to testify at the hearing had probable cause to arrest him, that she issued an I-card, and that nontestifying officers arrested him pursuant to the I-card. Instead, defendant's principal argument is that the hearing court did not have a basis to determine whether the information contained in the I-card was sufficient for the nontestifying officers to know that the person they arrested was the person named in that document.
While the I-card was not introduced into evidence or described in detail, the court properly inferred its contents based on the detective's testimony that an I-card is a "wanted" card, that she printed out defendant's photo after she learned he was connected to the subject crime by way of the fingerprint match, and that she submitted an I-card within a few minutes after she learned of the match. The detective also testified that on the same day the I-card was issued, officers from her unit called her and said they had arrested defendant on the same block as the shelter where the detective learned defendant had been staying. Accordingly, the hearing court properly inferred that defendant was lawfully arrested (see People v Wayman, 188 AD3d 538, 539 [1st Dept 2020], lv denied, 36 NY3d 1124 [2021]; People v Rose, 178 AD3d 487, 488 [1st Dept 2019], lv denied, 35 NY3d 944 [2020]). The only rational explanation of how defendant came to be arrested is that the I-card contained sufficient identifying information to allow the nontestifying officers to conclude that defendant was the wanted person named therein (see People v Gonzalez, 91 NY2d 909, 910 [1998]; People v Mims, 88 NY2d 99, 113-114 [1996]; People v Garcia-Lopez, 308 AD2d 366, 366-367 [1st Dept 2003], lv denied 1 NY3d 572 [2003], cert denied 541 US 1078 [2004]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2022